**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

---

DANIEL C. MACRITCHIE,

                Plaintiff,

       vs.

VEOLIA WATER NORTH AMERICA
ENGINEERING & CONSTRUCTION, INC.
N/K/A N.A. WATER SYSTEMS, LLC;
VEOLIA WATER NORTH AMERICA
OPERATING SERVICES, INC.; US
FILTER CORPORATION; ANDREW D.
SEIDEL; MATTHEW S. THOMPSON;
JAMES BROWN; MICHAEL RODI;
SCOTT RECINOS; JOHN LUCEY;
MICHAEL STARK; and BRIAN J.
CLARKE,

                Defendants.

Civil Action No. 05-00453-D

---

## NOTICE OF REMOVAL

    TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS:

    PLEASE TAKE NOTICE that Defendants, N.A. Water Systems, LLC,[1] Veolia Water North America Operating Service LLC,[2] James Brown, Michael Rodi, Scott Recinos, John Lucey and Michael Stark, hereby serve notice of removal of the above-entitled action to this Court and make the following showing in support of such removal:

---

[1] Incorrectly identified by Plaintiff in his Complaint as Veolia North America Engineering & Construction, Inc., n/k/a N.A. Water Systems, LLC.

[2] Incorrectly identified by Plaintiff in his Complaint as Veolia Water North American Operating Services, Inc.

## PLEADINGS AND PROCEEDINGS TO DATE

1.      On or about April 21, 2005, Defendant N.A. Water Systems, LLC ("NAWS") was served with a summons and complaint in the matter entitled <u>Daniel C. MacRitchie v. Veolia Water North America Engineering & Construction, Inc. n/k/a N.A. Water Systems, LLC, et al.</u>, Civil Action No. 05-00453-D.  NAWS also accepted service on behalf of Defendants Brown, and Rodi.  Defendant Recinos was served after April 21, 2005.

2.      On or about May 2, 2005, Defendant Veolia Water North America Operating Services, LLC, was served with a summons and complaint.  Defendant John Lucey was served with the summons and complaint on May 1, 2005, and Defendant Michael Stark was served with the summons and complaint on May 2, 2005.[3]

3.      The process, pleadings, and orders served on Defendants to date in this matter, copies of which are attached hereto as <u>Exhibit A</u>, are as follows:

        a.      Summons;

        b.      Complaint;

        c.      Tracking Order; and

        d.      Civil Action Cover Sheet.

4.      This Court has original jurisdiction of this action as it involves questions involving the laws of the United States.  Specifically, Plaintiff alleges a violation of the Family Medical Leave Act of 1993, 29 U.S.C. §2601, et. seq.

5.      This Court also has original jurisdiction over this civil action because there is diversity of citizenship, none of the Defendants being citizens of Massachusetts.  In Paragraph 1

---

[3] USFilter (now known as Water Applications & Systems Corporation), Brian J. Clarke, and Andrew D. Seidel have not been served with a summons and complaint. They consent to removal without waiving any objections they may have to service of process. Upon information and belief, Matthew S. Thompson has not been served with a summons and complaint but would consent to removal without waiving any objections he may have to service of process.

of his Complaint, Plaintiff admits he is a resident of New Hampshire; in Paragraphs 2 – 12, Plaintiff alleges that all named Defendants are citizens of states other than Massachusetts and New Hampshire.[4]    Further, the sum alleged to be in controversy exceeds the $75,000.00 jurisdictional prerequisite.

6.    Accordingly, this action is removable to this Court under 28 U.S.C. §1441.

7.    Defendants will notify the Essex Superior Court and Plaintiff of this Notice of Removal by filing with the Superior Court a Notice of Filing Notice of Removal.  A copy of that notification, is attached hereto as Exhibit B.

WHEREFORE, Defendants pray that the above action pending against them in Essex Superior Court, Commonwealth of Massachusetts Civil Action No. 05-00453-D, be removed therefrom to this Court.

Respectfully submitted,

N. A. WATER SYSTEMS, LLC, VEOLIA
WATER NORTH AMERICA OPERATING
SERVICES, LLC, JAMES BROWN, MICHAEL
RODI, SCOTT RECINOS, JOHN LUCEY and
MICHAEL STARK,

By their attorneys,

Stephen T. Paterniti, BBO #564860
Amanda S. Rosenfeld, BBO #654101
Jackson Lewis LLP
75 Park Plaza
Boston, MA 02116
(617) 367-0025

May 20, 2005

---

[4] NAWS is a Pennsylvania Limited Liability Company with a principle place of business in Pennsylvania. VWNAOS is a Delaware LLC with a principle place of business in Houston, Texas.  Defendants Rodi and Lucey are citizens of Pennsylvania.  Defendant Clarke and Brown are citizens of Illinois.  Defendant Stark is a citizen of Texas.  Defendant Recinos is a citizen of Virginia.  Defendants Thompson and Seidel are citizens of California.

## CERTIFICATE OF SERVICE

I hereby certify that on this $\underline{7^{\text{th}}}$ day of May, 2005, a copy of the foregoing was served on Plaintiff, Jonathan M. Feigenbaum, Phillips & Angley, 1 Bowdoin Square, Boston, 02114 by postage pre-paid, first-class mail.

Jackson Lewis LLP

H:\PaterniS\veolia water (79953)\macritchie (80583)\pleadings\Notice of Removal.DOC

-4-

(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:* - TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT
CIVIL ACTION
No.   (50173

.................Daniel C. MacRitchie................................................, Plaintiff(s)

v.

...........John Lucey, et al............................................................., Defendant(s)

## SUMMONS

To the above named Defendant:     John Lucey

You are hereby summoned and required to serve upon _____Jonathan M. Feigenbaum, Esq._____ .
                                         Phillips & Angley
plaintiff's attorney, whose address is _____One Bowdoin Square, Boston, MA 02114_____ , an answer to the

complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the

day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the

complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at
                                         MA 01970
34 Federal St., Salem either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may
have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's
claim or you will thereafter be barred from making such claim in any other action.

### Barbara J. Rouse

WITNESS, SUZANNE V. DelVecchio Esquire, at Salem, the
day of                            , in the year of our Lord two thousand

*Thomas H. Driscoll Jr.*
                                         *Clerk*

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on_____, 20    , I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (see Mass. R. Civ. P. 4 (d) (1-5):

_____

_____

_____

Dated:                    , 20    .                 _____

N.B.    TO PROCESS SERVER:-
        PLEASE PLACE <u>DATE</u> YOU MAKE SERVICE ON DEFENDANT IN
        THIS BOX <u>ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.</u>

```
+-----------------------------------------------+
|                                               |
|                                    , 20    .  |
|                                               |
+-----------------------------------------------+
```

COMMONWEALTH OF
MASSACHUSETTS

SUPERIOR COURT
CIVIL ACTION
No.050453

ESSEX, ss.

<u>Daniel C. MacRitchie</u>
Plaintiff(s)

v.

<u>John Lucey, et al</u>
Defendant(s)

**SUMMONS**
(Mass. R. Civ. P. 4)

*4-87-05*
*10:30 AM*

*5/2/05-*
*aludes*
*AlAnAWillis*

(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:* - TORT - MOTOR VEHICLE TORT -
CONTRACT - EQUITABLE RELIEF - OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

**D**

SUPERIOR COURT
CIVIL ACTION
No. 050413

Daniel C. MacRitchie.................................................................., Plaintiff(s)

v.

Veolia Water North America Operating........................., Defendant(s)
Services, Inc., et al

## SUMMONS

To the above named Defendant:    Veolia Water North America Operating Services, Inc.

You are hereby summoned and required to serve upon_____ Jonathan M. Feigenbaum, Esq.
Phillips & Angley
plaintiff's attorney, whose address is One Bowdoin Square, Boston, MA 02114 , an answer to the

complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the

day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the

complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at

34 Federal St., Salem, MA 01970 either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may
have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's
claim or you will thereafter be barred from making such claim in any other action.

### Barbara J. Rouse

WITNESS, ~~Suzanne V. DelVecchio~~, Esquire, at Salem, the
day of                                      , in the year of our Lord two thousand

*Thomas H. Driscoll Jr.*
Clerk

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each
   defendant, each should be addressed to the particular defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on_____, 20    , I served a copy of
the within summons, together with a copy of the complaint in this action, upon the within-named
defendant, in the following manner (see Mass. R. Civ. P. 4 (d) (1-5):

_____

_____

_____

Dated:              , 20    .                    /Hannah Wills

N.B.    TO PROCESS SERVER:-
        PLEASE PLACE <u>DATE</u> YOU MAKE SERVICE ON DEFENDANT IN
        THIS BOX <u>ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.</u>

        ┌─────────────────────────────────────┐
        │        5/2           , 20 0 5        │
        └─────────────────────────────────────┘

COMMONWEALTH OF
MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT
CIVIL ACTION
No. 050453

Daniel C. MacRitchie
Plaintiff(s)

v.

Veolia Water North America
Operating Services, Inc. et al
Defendant(s)

SUMMONS
(Mass. R. Civ. P. 4)

4-27-05
10:30 AM

(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:* - TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT
CIVIL ACTION
No.

.......... Daniel C. MacRitchie .............................................................., Plaintiff(s)

v.

Michael Stark, et al ................................................................., Defendant(s)

### SUMMONS

To the above named Defendant:    Michael Stark

You are hereby summoned and required to serve upon ——Jonathan M. Feigenbaum, Esq.——

Phillips & Angley
plaintiff's attorney, whose address is ——One Bowdoin Square, Boston, MA 02114——, an answer to the

complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the

day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the

complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at

34 Federal St., Salem, MA 01970, either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may

have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's

claim or you will thereafter be barred from making such claim in any other action.

## Barbara J. Rouse

WITNESS, _____, Esquire, at Salem, the

day of                                        , in the year of our Lord two thousand

*Thomas H. Driscoll Jr.*
Clerk

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

**PROOF OF SERVICE OF PROCESS**

I hereby certify and return that on_____, 20____, I served a copy of
the within summons, together with a copy of the complaint in this action, upon the within-named
defendant, in the following manner (see Mass. R. Civ. P. 4 (d) (1-5):

_____

_____

_____

Dated:                    , 20    .          _M G dl / alana Willis_

N.B.    TO PROCESS SERVER:-
        PLEASE PLACE <u>DATE</u> YOU MAKE SERVICE ON DEFENDANT IN
        THIS BOX <u>ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT</u>.

> 5 / 2          , 20 0 5

COMMONWEALTH OF
MASSACHUSETTS

SUPERIOR COURT
CIVIL ACTION
No.  050453

ESSEX. ss.

Daniel C. MacRitchie
Plaintiff(s)

v.

Michael Stark, et al
Defendant(s)

**SUMMONS**
(Mass. R. Civ. P. 4)

(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:* - TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.



SUPERIOR COURT
CIVIL ACTION
No. 050373

Daniel C. MacRitchie ........................................, Plaintiff(s)

v.

Scott Recinos, et al ........................................, Defendant(s)

## SUMMONS

To the above named Defendant:    Scott Recinos

You are hereby summoned and required to serve upon _____ Jonathan M. Feigenbaum, Esq.

Phillips & Angley

plaintiff's attorney, whose address is ___ One Bowdoin Square, Boston, MA 02114 ___ , an answer to the

complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the

day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the

complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at

MA 01970

34 Federal St., Salem either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may
have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's
claim or you will thereafter be barred from making such claim in any other action.

### Barbara J. Rouse

WITNESS, _____ , Esquire, at Salem, the

day of _____ , in the year of our Lord two thousand

*Thomas H. Driscoll Jr.*

Clerk

NOTES:

1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each
   defendant, each should be addressed to the particular defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on _____, 20 ___ , I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (see Mass. R. Civ. P. 4 (d) (1-5):

_____

_____

_____

Dated:                , 20      .        _____

N.B.    TO PROCESS SERVER:-
        PLEASE PLACE <u>DATE</u> YOU MAKE SERVICE ON DEFENDANT IN
        THIS BOX <u>ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.</u>

```
┌─────────────────────────────────────────┐
│                                          │
│                              , 20     .  │
│                                          │
└─────────────────────────────────────────┘
```

COMMONWEALTH OF
MASSACHUSETTS

SUPERIOR COURT
CIVIL ACTION
No. 050453

ESSEX, ss.

Daniel C. MacRitchie
Plaintiff(s)

v.

Scott Recinos, et al
Defendant(s)

SUMMONS
(Mass. R. Civ. P. 4)

(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:* -  TORT  -  MOTOR VEHICLE TORT  -
CONTRACT  -  EQUITABLE RELIEF  -  OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

**SUPERIOR COURT
CIVIL ACTION
No.** 050450

.......... Daniel C. MacRitchie ................................................................., Plaintiff(s)

v.

.......... James Brown, et al ..............................................................., Defendant(s)

### SUMMONS

To the above named Defendant: **James Brown**

You are hereby summoned and required to serve upon _____ **Jonathan M. Feigenbaum, Esq.** ,

**Phillips & Angley**

plaintiff's attorney, whose address is **One Bowdoin Square, Boston, MA 02114** , an answer to the

complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the

day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the

complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at

**34 Federal St., Salem** MA 01970 either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may
have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's
claim or you will thereafter be barred from making such claim in any other action.

**Barbara J. Rouse**

WITNESS, ~~████████████████~~, Esquire, at Salem, the

day of _____ , in the year of our Lord two thousand

*Thomas H. Driscoll Jr.*

*Clerk*

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each
   defendant, each should be addressed to the particular defendant.

*(Left margin, rotated text:)* NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on_____4-21_____, 2005 , I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (see Mass. R. Civ. P. 4 (d) (1-5):

_____by handing copy to: Ken Kubrick -legal Counsel_____

Dated:              , 20    .

_Tammy Sowers_
PA Deputy Constable

N.B.    TO PROCESS SERVER:-
PLEASE PLACE <u>DATE</u> YOU MAKE SERVICE ON DEFENDANT IN THIS BOX <u>ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.</u>

                                    , 20    .

COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
CIVIL ACTION
No. 050453

ESSEX. ss.

Daniel C. MacRitchie
Plaintiff(s)

v.

James Brown, et al
Defendant(s)

SUMMONS
(Mass. R. Civ. P. 4)

(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:* — TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.



SUPERIOR COURT
CIVIL ACTION
No. 050453

Daniel C. MacRitchie
................................................................................................................................, Plaintiff(s)

*v.*

........Veolia Water North America Engineering & ......, Defendant(s)
Construction, Inc. n/k/a N.A. Water Systems, LLC et al

## SUMMONS

To the above named Defendant:  Veolia Water North America Engineering & Construction, Inc. n/k/a N.A. Water Systems, LLC

You are hereby summoned and required to serve upon __Jonathan M. Feigenbaum, Esq.__ ,

plaintiff's attorney, whose address is __Phillips & Angly, One Bowdoin Sq.,__ Boston, MA 02114 , an answer to the

complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the

day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the

complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at

34 FederalSt., Salem, MA 01970 either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may
have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's
claim or you will thereafter be barred from making such claim in any other action.

**Barbara J. Rouse**

WITNESS, SUSAN, ~~~~~~~~, Esquire, at Salem, the

day of . .                         , in the year of our Lord two thousand ·

*Thomas H. Driscoll Jr.*

*Clerk*

NOTICE TO DEFENDANT: You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on____4-21_____, 2005, I served a copy of
the within summons, together with a copy of the complaint in this action, upon the within-named
defendant, in the following manner (see Mass. R. Civ. P. 4 (d) (1-5):

handing copy to Ken Kubrick - legal counsel

Dated:                    , 20   .

*Jimmy Sowers*
PA Deputy Constable

N.B.    TO PROCESS SERVER:-
        PLEASE PLACE <u>DATE</u> YOU MAKE SERVICE ON DEFENDANT IN
        THIS BOX <u>ON THE ORIGINAL</u> AND ON COPY SERVED ON DEFENDANT.

                                        , 20   .

COMMONWEALTH OF
MASSACHUSETTS

ESSEX. ss.

SUPERIOR COURT
CIVIL ACTION
No. 050453

Daniel C. MacRitchie

Plaintiff(s)

v.

Veolia Water North America
Engineering & Construction, Inc.
Defendant(s)
n/k/a N.A. Water Systems, LLC
et al

SUMMONS
(Mass. R. Civ. P. 4)

(TO PLAINTIFF'S ATTORNEY: Please Circle Type of Action Involved: - TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

**D**

SUPERIOR COURT
CIVIL ACTION
No. 050473

......Daniel C. MacRitchie...................................................., Plaintiff(s)

v.

Michael Rodi, et al ...................................., Defendant(s)

## SUMMONS

To the above named Defendant: Michael Rodi

You are hereby summoned and required to serve upon ____Jonathan M. Feigenbaum, Esq.____,
Phillips & Angley
plaintiff's attorney, whose address is ___One Bowdoin Square, Boston, MA 02114___, an answer to the

complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the

day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the

complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at

MA 01970
34 Federal St., Salem either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may
have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's
claim or you will thereafter be barred from making such claim in any other action.

### Barbara J. Rouse

WITNESS, ▬▬▬▬▬▬▬▬▬▬, Esquire, at Salem, the
day of                          , in the year of our Lord two thousand

_Thomas H. Driscoll Jr._
Clerk

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

# PROOF OF SERVICE OF PROCESS

I hereby certify and return that on _____4.21_____, 2005, I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (see Mass. R. Civ. P. 4 (d) (1-5):

_____by handing copy to: Ken Kubrick - Legal Counsel_____

Dated: _____, 20 ____

_Tammy Howers_
PA Deputy Constable

N.B.  TO PROCESS SERVER:-
PLEASE PLACE <u>DATE</u> YOU MAKE SERVICE ON DEFENDANT IN THIS BOX <u>ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.</u>

_____, 20 ____

COMMONWEALTH OF
MASSACHUSETTS

SUPERIOR COURT
CIVIL ACTION
No. 050453

ESSEX. ss.

Daniel C. MacRitchie
Plaintiff(s)

v.

Michael Rodi, et al
Defendant(s)

SUMMONS
(Mass. R. Civ. P. 4)

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.

SUPERIOR COURT
CIVIL ACTION NO. 050453



|  |  |
|---|---|
| DANIEL C. MACRITCHIE<br>　Plaintiff | )<br>)<br>) |
| v. | )<br>) |
| VEOLIA WATER NORTH AMERICA<br>ENGINEERING & CONSTRUCTION, INC.<br>N/K/A N.A. WATER SYSTEMS, LLC;<br>VEOLIA WATER NORTH AMERICA<br>OPERATING SERVICES, INC.;<br>US FILTER CORPORATION;<br>ANDREW D. SEIDEL;<br>MATTHEW S. THOMPSON;<br>JAMES BROWN;<br>MICHAEL RODI;<br>SCOTT RECINOS;<br>JOHN LUCEY;<br>MICHAEL STARK; and<br>BRIAN J. CLARKE,<br>　Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT WITH JURY DEMAND

1.　Plaintiff is Daniel C. MacRitchie, an individual having a usual place of residence in

　　Exeter, New Hampshire.

2.　Defendant is Veolia Water North America Engineering & Construction, Inc., a

　　corporation having a usual place of business at 250 Airside Drive, Moon Township,

　　Pennsylvania, and is the successor to US Filter Engineering & Construction, Inc., a

　　Pennsylvania corporation, having a usual place of business at 250 Airside Drive, Moon

　　Township, Pennsylvania ("US Filter Engineering" collectively hereinafter).

3.  Defendant N.A. Water Systems, LLC, a Pennsylvania Limited Liability Corporation,

having a usual place of business at 250 Airside Drive, Moon Township, Pennsylvania, is

the surviving company of a merger between Veolia Water North America Engineering &

Construction, Inc., and N.A. Water Systems, LLC which occurred on July 16, 2004. N.A.

Water Systems, LLC, is a subsidiary of Veolia Water North America Operating Services,

Inc. (F/K/A US Filter Operating Services, Inc.), a Delaware Corporation, having a usual

place of business at 250 Airside Drive, Moon Township, Pennsylvania (hereinafter

referred to as "VWNAOS"). VWNAOS is a subsidiary of a French multinational

business known as Veolia Environnement formerly known as Vivendi Environnement,

and sometimes referred to by its trade name or parent Vivendi ("US Filter Engineering"

collectively hereinafter).

4.  Defendant is US Filter Corporation, a California corporation, having a usual place of

business at 40-004 Cook Street, Palm Desert, California.

5.  Defendant is Andrew D. Seidel, president of US Filter Corporation, having a usual place

of business at 40-004 Cook Street, Palm Desert, California.

6.  Defendant is Matthew S. Thompson, treasurer of US Filter Corporation, having a usual

place of business at 40-004 Cook Street, Palm Desert, California.

7.  Defendant is James Brown, president N.A. Water Systems, LLC, having a usual place of

business at 250 Airside Drive, Moon Township, Pennsylvania.

8.  Defendant is Michael Rodi, a human resources employee of N.A. Water Systems, LLC,

and/or US Filter Corporation, having a usual business address of 250 Airside Drive,

Moon Township, Pennsylvania.

9.  Defendant is Scott Recinos, Vice President of N.A. Water Systems, LLC, having a usual

2

place of residence at 43901 Felicity Place, Ashburn, Virginia 20147.

10.    Defendant is John Lucey, an Officer of VWNAOS, having a usual business address at
250 Airside Drive, Moon Township, Pennsylvania.

11.    Defendant is Michael Stark, President of VWNAOS, having a usual business address at
250 Airside Drive, Moon Township, Pennsylvania.

12.    Defendant is Brian J. Clarke, Manager of N.A. Water Systems, having a usual business
address at LLC, 250 Airside Drive, Moon Township, Pennsylvania.

### STATEMENT OF FACTS

13.    On or about July 25, 2002, US Filter Engineering, a subsidiary of US Filter Corporation,
made a written offer of employment to Mr. MacRitchie for the position of Construction
Manager at the Lynn Water and Sewer Commission located in Lynn, Essex County,
Massachusetts. In that offer, US Filter Engineering offered a base salary at the rate of
ninety thousand dollars ($90,000.00) per annum plus substantial fringe benefits,
including but not limited to health insurance, dental insurance, life insurance, disability
insurance, 401(k) plan participation, and other benefits. In addition, US Filter
Engineering assigned a percentage of the Project Incentive Plan ("PIP") as additional
cash compensation to Mr. MacRitchie.

14.    The PIP value assigned to Mr. MacRitchie was established as a component of each of the
two (2) principle contracts on which Mr. MacRitchie worked and was considered earned
compensation in the form of wages in connection with each contract.

15.    On or about August 1, 2002, Mr. MacRitchie accepted the offer of employment.

16.    On or about August 28, 2002, less than a month after commencing work at US Filter
Engineering, Mr. MacRitchie was paid four thousand five hundred dollars ($4,500.00)

under the PIP compensation plan in connection with a contract with the City of Lynn.

17.    On or about August 1, 2002, US Filter Engineering assigned Mr. MacRitchie to be the

project manager for a troubled contract with the Lynn Water & Sewer Commission

("Commission") in Lynn, Massachusetts.

18.    Mr. MacRitchie worked out of the US Filter Engineering office located at 330 Lynnway,

Suite 107, Lynn, Massachusetts on a regular basis.

19.    In January 2003, US Filter Engineering promoted Mr. MacRitchie from his current

project management position to his new position as the Northeast Region Operations

Manager. In or about the same time, US Filter Engineering assigned Mr. MacRitchie to

yet another troubled contract in addition to the Lynn contract. This contract was with the

Borough of Naugatuck, Connecticut.

## THE COMMISSION'S CSO CONTRACT

20.    The City of Lynn's wastewater collection system was constructed between 1884 and

1928. Prior to 1990, the collection system had many combined sewers that carried both

sanitary flows and storm water into the same system. The combined sewer system lacked

the capacity needed to handle the combined flows and would overflow during periods of

heavy rain, discharging untreated wastewater into various bodies of water, including the

Massachusetts Bay.

21.    In 1985, the City of Lynn and the Commission entered into a consent decree with the

United States Environmental Protection Agency ("EPA") as a result of years of litigation

under the Clean Water Act. The consent decree was amended in 1987 to address

combined sewer overflows ("CSO").

22.    For a period of time, Wheelabrator EOS, Inc. operated the wastewater facility for the

4

Commission. In the late 1990s, WE Filter Corporation acquired Wheelabrator EOS, Inc.

23.    During the mid 1990s, the City of Lynn retained a Boston engineering firm, Camp, Dresser & McGee ("CDM"), to design an improved wastewater treatment system to resolve the CSO problem.

24.    In 1997, CDM conducted an efficiency study for the Commission to identify potential managerial or operational changes that would produce cost savings. In the 1997 efficiency study, CDM noted that the operation and maintenance contract required U.S. Filter Corporation to employ a minimum of 49 employees at the wastewater treatment plant. CDM recommended the award of a contract to design and build improvements to the wastewater treatment plant and to operate the plant for a 20-year term. CDM determined that a 20-year design-build-operate ("DBO") contract could produce cost savings if the contractor was allowed to reduce the number of employees. The CDM study recommended against the DBO contract approach for the design and construction of CSO abatement facilities; however, the Commission did not follow this recommendation.

25.    In 1998, the Commission obtained special legislative authorization to exempt the DBO contracts from the Commonwealth's public construction bidding law. Partially due to this exemption, only US Filter Corporation and one other entity bid for work from the Commission.

26.    On or about September 11, 2000, Pat McManus, the Mayor of the City of Lynn and the Commission Chairman, told fellow members of the Commission that the Commission would realize savings of $400 million by adopting US Filter Corporation's proposal. In an effort to sway fellow Commission members, Mr. McManus stated, "I am the Mayor of

the city, and I want to make this simple for you. Anybody who votes against this ought

to be run out of town on a rake." Despite the recommendations of CDM, the

Commission entered into a $48 million sewer separation contract with US Filter

Corporation under terms that did not incorporate the design terms recommended by

CDM.

27.     Shortly thereafter US Filter Corporation retained a lobbyist John "Jack" E. Murphy,

currently of Issues Management Group, Inc., who had a working relationship with Mr.

McManus and had formerly served on the Massachusetts legislature.

28.     On or before December 2002, US Filter Corporation began to secretly negotiate the terms

of an employment/consulting relationship with Mr. McManus. Mr. McManus'

employment/consulting relationship with US Filter Corporation commenced on or about

January 2003.

29.     As a result of complaints regarding the bidding process, the cost overruns, and the

ultimate costs to tax payers, the Inspector General for the Commonwealth of

Massachusetts conducted an investigation of the relationship between the City of Lynn,

the Commission, and US Filter Corporation relating to the CSO contract.

30.     In June 2001, the Inspector General for the Commonwealth of Massachusetts issued a

report in excess of one hundred pages in which it concluded that the Commission had

entered into a contract that had unreasonably shifted the burden of risk from US Filter

Corporation to the Commission and to the tax payers of the City of Lynn. The report

further concluded that the true cost of the contract was nearly two times the cost that it

should have been and that the bidding process had not been competitive, which had

resulted in an extremely expensive contract for the Commission and for the tax payers of

6

the City of Lynn.

31.  The Massachusetts Inspector General also concluded that the purported $400 million savings was unsubstantiated and called it a "red herring."

32.  In or about the early part of 2002, the Commission demanded that US Filter Corporation remove its original project manager, William Fahey, from the CSO project.

33.  Mr. MacRitchie's offer of employment from US Filter Engineering was contingent upon the Commission determining that Mr. MacRitchie was a suitable replacement for William Fahey.

34.  On or about August 12, 2002, the Commission accepted Mr. MacRitchie as US Filter Corporation's replacement project manager.

35.  In order to improve its relationship with municipalities, US Filter Corporation hired a former Massachusetts representative, Christopher G. Hodgkins, as Vice President and as Mr. MacRitchie's supervisor.

36.  In or about May 2003, US Filter Engineering paid the Greater Lynn Mental Health & Retardation Association, Inc. ("GLMHRA") $10,000.00 for a table at a purported charitable event for GLMHRA. At that time, City Council President James M. Cowdell and former City Council President and senior manager at Lynn Water and Sewer Commission Robert Tucker were employed by or affiliated with GLMHRA.

37.  At that time, Robert Tucker was the President of GLMHRA. James Cowdell was an employee and still holds the position of Chief Administrative Officer of GLMHRA. Over the course of the next several weeks, Mr. MacRitchie learned that none of the local business people with whom he had contact were aware of GLMHRA's pending charitable event. Mr. MacRitchie questioned the appropriateness of the $10,000.00 payment which

7

had been approved by Mike Stark, the president of VWNAOS, which is an affiliate of US

Filter Corporation. Subsequently, GLMHRA returned the $10,000.00 payment and the

charitable event never took place.

### THE COMMISION DEMANDS REMOVAL OF MR. MACRITCHIE

38.    In October 2003, the Commission demanded that US Filter Corporation remove Mr.

MacRitchie as the project manager.

39.    On or about October 31, 2003, US Filter Engineering and US Filter Corporation wrote to

the Commission supporting Mr. MacRitchie and opposing the demands of the

Commission.

40.    Because of strained relations between the Commission and US Filter Corporation and US

Filter Engineering, both entities sought a way to sever their relationship with the

Commission in a manner that would be favorable to them.

41.    Certain senior employees at US Filter Engineering made a conscious decision to engage

in conduct and omissions that would lead to the termination of the CSO Contract. This

was sometimes referred to internally as "Plan A."

42.    On or about February 24, 2004, the Commission terminated its contract with US Filter

Corporation for various reasons, including but not limited to, US Filter Corporation's

election to allow a performance guarantee or bank letter of credit in the amount of $15

million dollars to expire in December 2001 without renewing it.

### THE NAUGATUCK WASTE WATER CONTRACT

43.    In or about 2002, US Filter Corporation and the City of Naugatuck, Connecticut entered

into a long-term wastewater treatment and management contract.

44.    This contract was troubled from the outset because of design defects in the upgrade plan.

8

45.    On or about November 2003, Mr. MacRitchie learned that Gerald Grubesky, US Filter

Corporation's professional engineer of record for the contract, had been stamping

drawings with his professional engineering stamp without first diligently reviewing the

drawings. Mr. MacRitchie was informed by Mr. Grubesky that this was a typical practice

at US Filter Corporation.

46.    In or about the same time, Mr. MacRitchie also learned that Jim Ignatius, US Filter

Corporation's lead architect on the project had not reviewed the current State of

Connecticut supplemental building codes and fire codes prior to finalizing architectural

plans for the project. US Filter Corporation had submitted these architectural plans to the

Borough of Naugatuck, which were subsequently used and relied upon in their approval

of payments to US Filter Corporation. Mr. MacRitchie spoke with his supervisor

regarding the architectural plans that did not meet the State of Connecticut's

supplemental building codes and fire codes and regarding the need to spend hundreds of

thousands of dollars to comply with the codes.

### MR. MACRITCHIE'S OVERALL JOB PERFORMANCE

47.    Despite the hurdles facing Mr. MacRitchie, he excelled in the management of the Lynn

CSO Contract. As a major milestone, he obtained a contract modification that

accelerated the schedule allowing completion of the contract three (3) years ahead of

time.

48.    In August 2003, Mr. MacRitchie's supervisor, David Ford, conducted a written

performance review and rated Mr. MacRitchie as a 4 on a scale of 1 – 5, stating that Mr.

MacRitchie met job requirements with high proficiency. Mr. Ford also made other

laudatory comments regarding Mr. MacRitchie.

9

49.    In a document dated October 31, 2003, Mr. John Lucey, the Senior Vice President and
       Officer of US Filter, wrote, "Mr. MacRitchie is one of our finest project managers..."

50.    In or about December 2003, David Ford stated that Mr. MacRitchie's PIP allocation from
       the Lynn CSO contract should be paid to him.

## THE REQUEST FOR FMLA LEAVE, RETALIATION AND TERMINATION

51.    On September 26, 2003, Mr. MacRitchie's wife gave birth to the couple's daughter.

52.    On April 13, 2004, Mr. MacRitchie requested four (4) weeks off under the Family
       Medical Leave Act, 29 U.S.C. 2601 et seq., ("FMLA") to care for his infant daughter
       from June 7, 2004 through July 2, 2004.

53.    The request was denied. Instead, US Filter Corporation permitted Mr. MacRitchie to take
       two (2) weeks off from work commencing June 7, 2004.

54.    While on FMLA leave beginning on June 7, 2004, Mr. MacRitchie was constantly
       contacted by his supervisor and fellow employees, requiring him to spend hours on the
       telephone and e-mail.

55.    On June 18, 2004, without warning or explanation, Mr. MacRitchie was terminated from
       his employment.

## COUNT I - FMLA VIOLATIONS

(Against Veolia Water North America Engineering & Construction, Inc., N.A. Water Systems,
LLC, Veolia Water North American Operating Services, Inc., US Filter Corporation, John
Lucey, Scott Recinos, Brian J. Clarke, and Michael Rodi)

56.    Plaintiff realleges paragraphs 1 - 55 above and incorporates the same by reference as if
       specifically set forth herein.

57.    As employers, Veolia Water North America Engineering & Construction, Inc., N.A.

10

Water Systems, LLC, Veolia Water North American Operating Services, Inc., and US Filter Corporation were subject to the requirements of the FMLA; its employees, John Lucey, Scott Recinos, Brian J. Clarke and Michael Rodi, were also subject to the same requirements.

58.    Mr. MacRitchie timely provided written notice to his employer that he intended to take FMLA leave.

59.    Veolia Water North America Engineering & Construction, Inc., N.A. Water Systems, LLC, Veolia Water North American Operating Services, Inc., and US Filter Corporation interfered with Mr. MacRitchie's right to take FMLA by demanding that Mr. MacRitchie's daughter's pediatrician certify that the leave was medically necessary when such a requirement is not permitted by statute or regulation.

60.    Veolia Water North America Engineering & Construction, Inc., N.A. Water Systems, LLC, Veolia Water North American Operating Services, Inc., and US Filter Corporation were required to grant FMLA leave to Mr. MacRitchie to care for his infant daughter without the necessity of providing a statement from a pediatrician.

61.    As a result, instead of four (4) weeks, Mr. MacRitchie was granted two (2) weeks off of what he believed to be family medical leave under the FMLA from June 7, 2004 through June 18, 2004.

62.    Veolia Water North America Engineering & Construction, Inc., N.A. Water Systems, LLC, Veolia Water North American Operating Services, Inc., and US Filter Corporation unlawfully reclassified Mr. MacRitchie's leave as sick leave rather than FMLA leave.

63.    Veolia Water North America Engineering & Construction, Inc., N.A. Water Systems, LLC, Veolia Water North American Operating Services, Inc., and US Filter Corporation

11

did not have a written policy in effect and did not effectuate the policy in a timely manner as required under the FMLA and the accompanying regulations, which allow for the reclassification of FMLA leave.

64.   As a result of the aforementioned conduct, Veolia Water North America Engineering & Construction, Inc., N.A. Water Systems, LLC, Veolia Water North American Operating Services, Inc., and US Filter Corporation unlawfully interfered with the exercise of Mr. MacRitchie's right to take FMLA leave.

65.   Veolia Water North America Engineering & Construction, Inc., N.A. Water Systems, LLC, Veolia Water North American Operating Services, Inc., US Filter Corporation, John Lucey, Scott Recinos, Brian J. Clarke and Michael Rodi unlawfully retaliated against Mr. MacRitchie for taking FMLA leave by terminating his employment on June 18, 2004.

### COUNT II - MASSACHUSETTS WAGE ACT CLAIMS

(Against Veolia Water North America Engineering & Construction, Inc., N.A. Water Systems, LLC, Veolia Water North American Operating Services, Inc., US Filter Corporation, Andrew D. Seidel, Matthew S. Thompson and James Brown)

66.   Plaintiff realleges paragraphs 1 - 65 above and incorporates the same by reference as if specifically set forth herein.

67.   On September 9, 2004, Mr. MacRitchie filed a non-payment of wage complaint form with the Office of the Attorney General for the Commonwealth of Massachusetts. A copy of the non-payment of wage complaint is attached herewith as EXHIBIT A.

68.   On October 19, 2004, the Office of the Attorney General for the Commonwealth of Massachusetts granted Mr. MacRitchie the right to file a private right of action. A copy

12

of the authorization is attached herewith as EXHIBIT B.

69.    At the time of termination, Mr. MacRitchie's base pay was in the amount of ninety two

thousand seven hundred dollars ($92,700.00) per annum.

70.    Throughout Mr. MacRitchie's employment, Mr. MacRitchie received pay checks and

benefits from US Filter and he was provided benefits through various US Filter programs.

71.    At all times material hereto, Veolia Water North America Engineering & Construction,

Inc., N.A. Water Systems, LLC, Veolia Water North American Operating Services, Inc.,

and US Filter Corporation were employers pursuant to Massachusetts G. L. c. 149

sections 148 & 150.

72.    As employers, Veolia Water North America Engineering & Construction, Inc., N.A.

Water Systems, LLC, Veolia Water North American Operating Services, Inc., and US

Filter Corporation were required to pay the plaintiff all earned wages in a timely manner

as more particularly set forth in the attached EXHIBIT A.

73.    Andrew D. Seidel, Matthew S. Thompson, James Brown, and Michael Stark as officers

of the respective employers are personally liable for failure to pay wages.

### COUNT III – BREACH OF CONTRACT

(Against Veolia Water North America Engineering & Construction, Inc., N.A. Water Systems,

LLC, Veolia Water North American Operating Services, Inc., US Filter Corporation, Michael

Stark, John Lucey, Scott Recinos and Michael Rodi)

74.    Plaintiff realleges paragraphs 1 – 73 above and incorporates the same by reference as if

specifically set forth herein.

75.    On or about July 25, 2002, John Lucey, N.A. Water Systems' Executive Vice President,

knowingly withheld material information from Mr. MacRitchie to induce him to accept

13

the position of project manager at the Lynn CSO project, including but not limited to: (a) that the Massachusetts Inspector General had conducted an investigation regarding the relationship between the City of Lynn, the Commission, and US Filter Corporation and had issued a very negative report relating to the CSO contract; (b) that the Inspector General had concluded that U.S. Filter Corporation's $47 million design-build price was nearly double the cost for similar construction work procured through competitive bidding, making the Lynn CSO Project a bad deal for the Commission; (c) that there were warring factions within the Commission, one group supporting US Filter Corporation and the other wanting to dismiss US Filter Corporation; (d) that the opposing members of the Commission, lead by Chairman David Ellis, now held a majority position on the Board of Commissioners; (e) that the opposing members were on a mission to discredit and harm US Filter Corporation; (f) that the opposing members had already engaged in the tactic of demanding the removal of a US Filter project manager for the purposes of interfering with US Filter's execution of the project; (g) that US Filter Corporation had engaged in deceptive conduct relating to performance guarantees under the contract, which were never provided.

76. Had N.A. Water Systems' Executive Vice President, John Lucey, made the aforementioned material disclosures, Mr. MacRitchie would not have accepted the position as offered.

77. On or about January 2003, Mr. Lucey assigned Mr. MacRitchie to take over the management of the troubled Naugatuck Connecticut project. As Mr. MacRitchie gained familiarity with the project, it became apparent that cost projections for the project would fall far short of the actual project costs. Despite numerous attempts by Mr. MacRitchie,

14

Mr. Lucey refused to allow Mr. MacRitchie to incorporate realistic financial projections into the project. Mr. Lucey's refusal resulted in regular cost overruns, which were reported to upper management on a monthly basis. These regular cost overruns created the appearance of mismanagement of the project to those outside of Mr. Lucey's control group thereby causing damage to Mr. MacRitchie's reputation.

78. On or about April 22, 2004, Mr. MacRitchie was assigned a new supervisor, Vice President Scott Recinos, who was based in Gaithersburg, Maryland. Although Mr. Recinos was Mr. MacRitchie's supervisor, he showed no interest in the troubled Naugatuck project and communication from Mr. Recinos to Mr. MacRitchie was virtually nonexistent until Mr. MacRitchie began his FMLA leave in early June 2004.

79. Veolia Water North America Engineering & Construction, Inc., N.A Water Systems, LLC, Veolia Water North American Operating Services, Inc., US Filter Corporation, Scott Recinos and Michael Rodi made materially untrue statements to others regarding Mr. MacRitchie's management of the Naugatuck project. Such statements, include but are not limited to, stating that problems with the Naugatuck project had arisen because of Mr. MacRitchie's poor management. In actuality, these defendants knew that the project had design flaws and that the engineer and architect, each who had been charged with approving drawings, were negligent in signing and stamping documents that they did not properly review and that did not comply with the State of Connecticut building codes and/or fire codes.

80. The aforementioned defendants made material omissions of fact in order to induce Mr. MacRitchie to accept employment with US Filter Engineering and then made false statements in order to terminate Mr. MacRitchie's employment for the purpose of

15

depriving him of earned compensation.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, Daniel C. MacRitchie, demands judgment and relief as follows:

1. Under Count I, II and III, award of monetary relief for the damages caused by the Defendant, Veolia Water North America Engineering & Construction, Inc., including interest, costs, pre-judgment interest, post judgment interest, attorneys' fees as allowed by statute, liquidated damages (wages, benefits, attorneys' fees, interest) as allowed under the Family Medical Leave Act, and treble damages for violations of the Massachusetts Wage Act, G. L. c. 149 section 150.

2. Under Count I, II and III, award of monetary relief for the damages caused by the Defendant, N.A. Water Systems, LLC, including interest, costs, pre-judgment interest, post judgment interest, attorneys' fees as allowed by statute, liquidated damages (wages, benefits, attorneys' fees, interest) as allowed under the Family Medical Leave Act, and treble damages for violations of the Massachusetts Wage Act, G. L. c. 149 section 150.

3. Under Count I, II and III, award of monetary relief for the damages caused by the Defendant, Veolia Water North American Operating Services, Inc., including interest, costs, pre-judgment interest, post judgment interest, attorneys' fees as allowed by statute, liquidated damages (wages, benefits, attorneys' fees, interest) as allowed under the Family Medical Leave Act, and treble damages for violations of the Massachusetts Wage Act, G. L. c. 149 section 150.

16

4.  Under Count I, II and III, award of monetary relief for the damages caused by the Defendant, US Filter Corporation, including interest, costs, pre-judgment interest, post judgment interest, attorneys' fees as allowed by statute, liquidated damages (wages, benefits, attorneys' fees, interest) as allowed under the Family Medical Leave Act, and treble damages for violations of the Massachusetts Wage Act, G. L. c. 149 section 150.

5.  Under Count I and III, award of monetary relief for the damages caused by the Defendant, John Lucey, including interest, costs, pre-judgment interest, post judgment interest, attorneys' fees as allowed by statute, liquidated damages (wages, benefits, attorneys' fees, interest) as allowed under the Family Medical Leave Act, and treble damages for violations of the Massachusetts Wage Act, G. L. c. 149 section 150.

6.  Under Count I and III, award of monetary relief for the damages caused by the Defendant, Scott Recinos, including interest, costs, pre-judgment interest, post judgment interest, attorneys' fees as allowed by statute, liquidated damages (wages, benefits, attorneys' fees, interest) as allowed under the Family Medical Leave Act, and treble damages for violations of the Massachusetts Wage Act, G. L. c. 149 section 150.

7.  Under Count I, award of monetary relief for the damages caused by the Defendant, Brian J. Clarke, including interest, costs, pre-judgment interest, post judgment interest, attorneys' fees as allowed by statute, liquidated damages (wages, benefits, attorneys' fees, interest) as allowed under the Family Medical Leave Act.

17

8. Under Count I and III, award of monetary relief for the damages caused by the Defendant, Michael Rodi, including interest, costs, pre-judgment interest, post judgment interest, attorneys' fees as allowed by statute, liquidated damages (wages, benefits, attorneys' fees, interest) as allowed under the Family Medical Leave Act, and treble damages for violations of the Massachusetts Wage Act, G. L. c. 149 section 150.

9. Under Count II, award of monetary relief for the damages caused by the Defendant, Andrew D. Seidel, including interest, costs, pre-judgment interest, post judgment interest, attorneys' fees as allowed by statute, and treble damages for violations of the Massachusetts Wage Act, G. L. c. 149 section 150.

10. Under Count II, award of monetary relief for the damages caused by the Defendant, Matthew S. Thompson, including interest, costs, pre-judgment interest, post judgment interest, attorneys' fees as allowed by statute, and treble damages for violations of the Massachusetts Wage Act, G. L. c. 149 section 150.

11. Under Count II, award of monetary relief for the damages caused by the Defendant, James Brown, including interest, costs, pre-judgment interest, post judgment interest, attorneys' fees as allowed by statute, and treble damages for violations of the Massachusetts Wage Act, G. L. c. 149 section 150.

12. Under Count III, award of monetary relief for the damages caused by the Defendant, Michael Stark, including interest, costs and reasonable attorneys fees.

13. All other relief that this Court deems meet and proper.

18

**PLAINTIFF CLAIMS TRIAL BY JURY ON ALL ISSUES TRIABLE BY JURY.**

The Plaintiff,
DANIEL C. MACRITCHIE
By his attorneys

Date: March 21, 2005

Jonathan M Feigenbaum (sig)
Jonathan M. Feigenbaum, Esq.
B.B.O. #546686
Stephanie M. Swinford, Esq.
B.B.O. #654135
Philips & Angley
One Bowdoin Square
Boston, MA 02114
Tel. No. : (617) 367-8787

19

## Commonwealth of Massachusetts
### County of Essex
### The Superior Court

CIVIL DOCKET# **ESCV2005-00453-D**

RE:    **Macritchie v Veolia Water North America Engineering & Construction Inc et al**

TO: Jonathan M Feigenbaum, Esquire
Phillips & Angley
1 Bowdoin Square
Boston, MA 02114

### TRACKING ORDER - F TRACK

You are hereby notified that this case is on the **fast (F) track** as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | DEADLINE |
|---|---|
| Service of process made and return filed with the Court | 06/20/2005 |
| Response to the complaint filed (also see MRCP 12) | 08/19/2005 |
| All motions under MRCP 12, 19, and 20 filed | 08/19/2005 |
| All motions under MRCP 15 filed | 08/19/2005 |
| All discovery requests and depositions completed | 01/16/2006 |
| All motions under MRCP 56 served and heard | 02/15/2006 |
| Final pre-trial conference held and firm trial date set | 03/17/2006 |
| Case disposed | 05/16/2006 |

The final pre-trial deadline is **not the scheduled date of the conference**. You will be notified of that date at a later time.
**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**
This case is assigned to session D sitting in CtRm 2 (Lawrence) at Essex Superior Court.

Dated: 03/23/2005

Thomas H. Driscoll Jr.
Clerk of the Courts

BY: Philip Massa
Assistant Clerk

Location: CtRm 2 (Lawrence)
Telephone: (978) 687-7463

Disabled individuals who need handicap accommodations should contact the Administrative Office of the Superior Court at (617) 788-8130

Check website as to status of case: http://ma-trialcourts.org/tcic

cvdtracf_2.wpd 534561 inidoc01 exarhose

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) | Trial Court of Massachusetts Superior Court Department County: Essex |
|---|---|---|

| PLAINTIFF(S)  Daniel C. MacRitchie | DEFENDANT(S)  Veolia Water North America Engineering & Construction, Inc., et al. |
|---|---|
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE 617-367-8787  Jonathan M. Feigenbaum, Esq.  Phillips & Angley  One Bowdoin Square, Boston, MA 02114  Board of Bar Overseers number: 546686 | ATTORNEY (if known) |

### Origin code and track designation

Place an x in one box only:

- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| A01 | Services, labor and Materials | ( F ) | ( X ) Yes ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
2. Total Doctor expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
3. Total chiropractic expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
4. Total physical therapy expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
5. Total other expenses (describe) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .

Subtotal $. . . . . . . . . . .

B. Documented lost wages and compensation to date . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
C. Documented property damages to date . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
D. Reasonably anticipated future medical and hospital expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
E. Reasonably anticipated lost wages . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
F. Other documented items of damages (describe)

$. . . . . . . . . . .

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

$. . . . . . . . . . .

TOTAL $. . . . . . . . . . .

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s): Plaintiff seeks to recover wages from Defendants for violations of Family Medical Leave Act and Massachusetts Wage Act.

TOTAL $25,000.00.+

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _Jonathan M. Feigenbaum_                    DATE: 3/21/05

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

## COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.

SUPERIOR   COURT

-----------------------------------------------------------------

DANIEL C. MACRITCHIE,

                          Plaintiff,

                 vs.

VEOLIA WATER NORTH AMERICA
ENGINEERING & CONSTRUCTION, INC.
N/K/A N.A. WATER SYSTEMS, LLC;
VEOLIA WATER NORTH AMERICA
OPERATING SERVICES, INC.; US
FILTER CORPORATION; ANDREW D.
SEIDEL; MATTHEW S. THOMPSON;
JAMES BROWN; MICHAEL RODI;
SCOTT RECINOS; JOHN LUCEY;
MICHAEL STARK; and BRIAN J.
CLARKE,

                          Defendants.

Civil Action No. 05-00453-D

-----------------------------------------------------------------

## NOTICE OF FILING OF NOTICE OF REMOVAL

To:    Civil Clerk's Office
       Essex Superior Court
       34 Federal Street
       Salem, MA  01970

       PLEASE TAKE NOTICE that a Notice of Removal in the above action from the Superior

Court, Essex County, has been duly filed in the U.S. District Court for the District of

Massachusetts. Attached hereto as Exhibit A is a certified copy of that Notice of Removal.

Respectfully submitted,

N.A. WATER SYSTEMS, LLC, VEOLIA WATER
NORTH AMERICA OPERATING SERVICES,
LLC, JAMES BROWN, MICHAEL RODI, SCOTT
RECINOS, JOHN LUCEY and MICHAEL
STARK,

By their attorneys,

Stephen T. Paterniti, BBO #564860
Amanda S. Rosenfeld, BBO #654101
Jackson Lewis LLP
75 Park Plaza
Boston, MA 02116
(617) 367-0025

May 20, 2005

## CERTIFICATE OF SERVICE

I hereby certify that on this $\frac{26^{th}}{}$ day of May, 2005, a copy of the foregoing was served
on Plaintiff, Jonathan M. Feigenbaum, Phillips & Angley, 1 Bowdoin Square, Boston, 02114 by
postage pre-paid, first-class mail.

Jackson Lewis LLP

H:\PaterniS\veolia water (79953)\macritchie (80583)\pleadings\Notice of Filing Notice of Removal.DOC

-2-

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

1.  Title of case (name of first party on each side only)    **MacRitchie v. N. A. Water Systems, LLC, et al.**

2.  Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See local
    rule 40.1(a)(1)).

    | | I. | 160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT. |
    |---|---|---|

    | X | II. | 195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121 |
    |---|---|---|

    740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.                for patent, trademark or copyright cases

    | | III. | 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, |
    |---|---|---|

    315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
    380, 385, 450, 891.

    | | IV. | 220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660, |
    |---|---|---|

    690, 810, 861-865, 870, 871, 875, 900.

    | | V. | 150, 152, 153. |
    |---|---|---|

3.  Title and number, if any, of related cases. (See local rule 40.1(g)).  If more than one prior related case has been filed in this
    district please indicate the title and number of the first filed case in this court.


4.  Has a prior action between the same parties and based on the same claim ever been filed in this court?

                                                                    YES [ ]     NO [X]

5.  Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See 28 USC
    §2403)

                                                                    YES [ ]     NO [X]
    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

                                                                    YES [ ]     NO [ ]

6.  Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

                                                                    YES [ ]     NO [X]

7.  Do all of the parties  in this action, excluding governmental agencies of the united states and the Commonwealth of
    Massachusetts ("governmental agencies"),  residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

                                                                    YES [ ]     NO [X]

        A.      If yes, in which division do all of the non-governmental parties reside?

                Eastern Division  [ ]          Central Division  [ ]          Western Division  [ ]

        B.      If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies,
                residing in Massachusetts reside?

                Eastern Division  [ ]          Central Division  [ ]          Western Division  [ ]

8.  If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court?  (If yes,
    submit a separate sheet identifying the motions)

                                                                    YES [ ]     NO [X]

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME     Stephen T. Paterniti

ADDRESS     Jackson Lewis LLP, 75 Park Plaza, Boston, MA 02116

TELEPHONE NO.     (617)367-0025

(CategoryForm.wpd  - 5/2/05)

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Daniel C. MacRitchie

**(b)** County of Residence of First Listed Plaintiff **Exeter, NH**
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Jonathan Feigenbaum & Stephanie Swinford
Philips & Angly, 1 Bowdon St. Boston MA 02114

## DEFENDANTS

N.A. Water Systems LLC, et al.

County of Residence of First Listed Defendant **Moon Township, PA**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)
Stephen T. Paterniti, Jackson Lewis LLP
75 Park Plaza, Boston, MA   02116

05-11064 WGY

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government
      Plaintiff

☐ 3  Federal Question
      (U.S. Government Not a Party)

☐ 2  U.S. Government
      Defendant

☒ 4  Diversity
      (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                    and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☒ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original
     Proceeding

☒ 2 Removed from
     State Court

☐ 3 Remanded from
     Appellate Court

☐ 4 Reinstated or
     Reopened

☐ 5 Transferred from
     another district
     (specify)

☐ 6 Multidistrict
     Litigation

☐ 7 Appeal to District
     Judge from
     Magistrate
     Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC Sec.1332; Family Medical Leave Act, 29 USC Sec. 2601 et seq; Breach
Brief description of cause: of Contract, State Wage Act
Termination in violation of FMLA

## VII. REQUESTED IN
COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
  UNDER F.R.C.P. 23

**DEMAND $**
$125,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☒ Yes   ☐ No

## VIII. RELATED CASE(S)
IF ANY

(See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE
5/20/05

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:* - TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.



SUPERIOR COURT
CIVIL ACTION
No. ____

Daniel C. MacRitchie
........................................................................................................................, Plaintiff(s)

v.

........Veolia Water North America Engineering &......, Defendant(s)
Construction, Inc. n/k/a N.A. Water Systems, LLC et al

## SUMMONS

To the above named Defendant:   Veolia Water North America Engineering & Construction,
Inc. n/k/a N.A. Water Systems, LLC
You are hereby summoned and required to serve upon ____Jonathan M. Feigenbaum, Esq.____ ,

plaintiff's attorney, whose address is __Phillips & Angley, One Bowdoin Sq.,__ Boston, MA 02114 , an answer to the

complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the

day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the

complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at

34 Federal St., Salem, MA 01970 either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may
have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's
claim or you will thereafter be barred from making such claim in any other action.

**Barbara J. Rouse**
WITNESS, SUZAN----------------TO, Esquire, at Salem, the
day of                               , in the year of our Lord two thousand

*Thomas H. Driscoll Jr.*
*Clerk*

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on _____ *4-21* _____, 2005, I served a copy of
the within summons, together with a copy of the complaint in this action, upon the within-named
defendant, in the following manner (see Mass. R. Civ. P. 4 (d) (1-5):

_by handing copy to Ken Kubrick legal counsel_
_at 250 Airside Dr, MoonTwp PA 15108_

Dated:     4-21 , 2005 .      Tammy Howers, PA Deputy Constable

N.B.   TO PROCESS SERVER:-
     PLEASE PLACE <u>DATE</u> YOU MAKE SERVICE ON DEFENDANT IN
     THIS BOX <u>ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT</u>.

> 4.21 , 2005 .

COMMONWEALTH OF
MASSACHUSETTS

SUPERIOR COURT
CIVIL ACTION
No. 050453

ESSEX. ss.

Daniel C. MacRitchie

Plaintiff(s)

v.

Veolia Water North America
Engineering & Construction, Inc.
Defendant(s)
n/k/a N.A. Water Systems, LLC
et al

**SUMMONS**
(Mass. R. Civ. P. 4)

# AFFIDAVIT OF SERVICE

**COMMONWEALTH OF PENNSYLVANIA**  )
                                   )    **SS:**
**COUNTY OF ALLEGHENY**            )


**I HEREBY CERTIFY THAT BEFORE ME, the undersigned authority, a Notary Public in and for the commonwealth of Pennsylvania, County of Allegheny aforesaid, personally appeared Deputy Constable Tammy L. Gowers, who, being duly sworn according to law, deposes and says that she is a Deputy Constable of said County and that on the** $\underline{21^{st}}$ **day of** $\underline{April}$ **2005, at** $\underline{1:45}$ **P.M. she personally served a true and correct copies of Summons, Cover letter to the Court, Complaint, and Civil Action Cover Sheet upon Veolia Water North American Engineering & Construction, Inc. n/k/a N.A. Water Systems, LLC, 250 Airside Drive, Moon Township, PA 15108 by handing said paperwork to** $\underline{Ken\ Kubrick,\ legal\ counsel}$ **regarding Civil Action No. 050453, Essex Superior Court.**

_Tammy Gowers_
**Deputy Constable**


**Sworn to and subscribed before me this** $\underline{22}$ **day of** $\underline{April}$ **, 2005.**

_Beverly A. Hollowood_
**Notary Public**

**My Commission Expires:**_____

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Beverly A. Hollowood, Notary Public
Moon Twp., Allegheny County
My Commission Expires Oct. 14, 2008
Member, Pennsylvania Association of Notaries

(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:* - TORT - MOTOR VEHICLE TORT -
CONTRACT - EQUITABLE RELIEF - OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

2005 JUN -8  A 11: 35

ESSEX, ss.

US DISTRICT COURT
DISTRICT OF MASS

**SUPERIOR COURT
CIVIL ACTION**
No.
050413

Daniel C. MacRitchie ....................................................................., Plaintiff(s)

v.

James Brown, et al ....................................................................., Defendant(s)

## SUMMONS

To the above named Defendant: James Brown

You are hereby summoned and required to serve upon _____ **Jonathan M. Feigenbaum, Esq.** ,

**Phillips & Angley**

plaintiff's attorney, whose address is **One Bowdoin Square, Boston, MA 02114** , an answer to the

complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the

day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the

complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at

**34 Federal St., Salem** MA 01970 either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may
have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's
claim or you will thereafter be barred from making such claim in any other action.

**Barbara J. Rouse**

WITNESS, S_____, Esquire, at Salem, the
day of                                              , in the year of our Lord two thousand

*Thomas H. Driscoll Jr.*
*Clerk*

NOTES:

1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on _____ $4-21$ _____, 2005, I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (see Mass. R. Civ. P. 4 (d) (1-5)):

by handing copy to Kenkubrick - legal Counsel
at 250 Airside Dr, Moon Twp PA 15108

Dated: $4-21$ , 2005.        Tammy Sowers, PA Deputy Constable

N.B.    TO PROCESS SERVER:-
PLEASE PLACE <u>DATE</u> YOU MAKE SERVICE ON DEFENDANT IN
THIS BOX <u>ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.</u>

$4-21$ , 2005.

COMMONWEALTH OF
MASSACHUSETTS

SUPERIOR COURT
CIVIL ACTION
No. 050453

ESSEX, ss.

Daniel C. MacRitchie

Plaintiff(s)

v.

James Brown, et al

Defendant(s)

**SUMMONS**
(Mass. R. Civ. P. 4)

## AFFIDAVIT OF SERVICE

**COMMONWEALTH OF PENNSYLVANIA**  )
                                  )   **SS:**
**COUNTY OF ALLEGHENY**           )


**I HEREBY CERTIFY THAT BEFORE ME, the undersigned authority, a Notary Public in and for the commonwealth of Pennsylvania, County of Allegheny aforesaid, personally appeared Deputy Constable Tammy L. Gowers, who, being duly sworn according to law, deposes and says that she is a Deputy Constable of said County and that on the** $\underline{21^{st}}$ **day of** $\underline{April}$ **2005, at** $\underline{1:45}$ **P.M. she personally served a true and correct copies of Summons, Cover letter to the Court, Complaint, and Civil Action Cover Sheet upon James Brown, President of N.A. Water Systems, LLC, 250 Airside Drive, Moon Township, PA  15108 by handing said paperwork to** $\underline{Ken Kubrick, legal counsel}$ **regarding Civil Action No. 050453, Essex Superior Court.**

*Tammy Gowers*
**Deputy Constable**


**Sworn to and subscribed before
me this** $\underline{22}$ **day of** $\underline{April}$ **,
2005.**


*Beverly A. Hollowood*
**Notary Public**

**My Commission Expires:**_____

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
~~Beverly A. Hollowood~~, Notary Public
Moon Twp., Allegheny County
My Commission Expires Oct. 14, 2008
Member, Pennsylvania Association of Notaries

(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:* - TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT
CIVIL ACTION
No. 050473



...... Daniel C. MacRitchie ....................................................................................., Plaintiff(s)

v.

Michael Rodi, et al ..................................................................................., Defendant(s)

## SUMMONS

To the above named Defendant:   Michael Rodi

You are hereby summoned and required to serve upon ___ **Jonathan M. Feigenbaum, Esq.** ___ ,

Phillips & Angley

plaintiff's attorney, whose address is ~~One Bowdoin Square, Boston, MA 02114~~ , an answer to the

complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the

day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the

complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at

MA 01970

~~34 Federal St., Salem~~ either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

## Barbara J. Rouse

WITNESS, ~~⬤⬤⬤⬤⬤⬤⬤⬤⬤⬤⬤⬤~~ , Esquire, at Salem, the

day of                    , in the year of our Lord two thousand

*Thomas H. Driscoll*
*Clerk*

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on _____ 4-21 _____, 2005, I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (see Mass. R. Civ. P. 4 (d) (1-5):

_by handing copy to Ken Kubrick - bgal Counsel_
_at 250 Airside Dr. , Moon Twp PA 15108_

Dated:      4-21      , 2005.              _Tammy Powers, PA Deputy Constable_

N.B.    TO PROCESS SERVER:-
       PLEASE PLACE <u>DATE</u> YOU MAKE SERVICE ON DEFENDANT IN
       THIS BOX <u>ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT</u>.

> 4-21  , 2005.

COMMONWEALTH OF
MASSACHUSETTS

SUPERIOR COURT
CIVIL ACTION
No. 050453

ESSEX. ss.

Daniel C. MacRitchie

Plaintiff(s)

v.

Michael Rodi, et al

Defendant(s)

SUMMONS
(Mass. R. Civ. P. 4)

## AFFIDAVIT OF SERVICE

**COMMONWEALTH OF PENNSYLVANIA**          )
                                         )        **SS:**
**COUNTY OF ALLEGHENY**                   )

**I HEREBY CERTIFY THAT BEFORE ME, the undersigned authority, a Notary Public in and for the commonwealth of Pennsylvania, County of Allegheny aforesaid, personally appeared Deputy Constable Tammy L. Gowers, who, being duly sworn according to law, deposes and says that she is a Deputy Constable of said County and that on the** 21st **day of** April **2005, at** 1:45 **P.M. she personally served a true and correct copies of Summons, Cover letter to the Court, Complaint, and Civil Action Cover Sheet upon Michael Rodi, Human Resources Employee of N.A. Water Systems, LLC, 250 Airside Drive, Moon Township, PA 15108 by handing said paperwork to** Ken Kubrick, legal counsel **regarding Civil Action No. 050453, Essex Superior Court.**

_Tammy Gowers_
**Deputy Constable**

**Sworn to and subscribed before
me this** 22 **day of** April **,
2005.**

_Beverly A. Hollowood_
**Notary Public**

**My Commission Expires:_____**

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Beverly A. Hollowood, Notary Public
Moon Twp., Allegheny County
My Commission Expires Oct. 14, 2008
Member, Pennsylvania Association of Notaries

(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:* - TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.



SUPERIOR COURT
CIVIL ACTION
No.    050 173

Daniel C. MacRitchie ............................................................................, Plaintiff(s)

v.

Scott Recinos, et al ............................................................................, Defendant(s)

## SUMMONS

To the above named Defendant:    Scott Recinos

You are hereby summoned and required to serve upon____Jonathan M. Feigenbaum, Esq.____,

Phillips & Angley

plaintiff's attorney, whose address is——One Bowdoin Square, Boston, MA 02114——, an answer to the

complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the

day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the

complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at

MA 01970
34 Federal St., Salem either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may
have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's
claim or you will thereafter be barred from making such claim in any other action.

**Barbara J. Rouse**

WITNESS, Susan........................., Esquire, at Salem, the

day of                        , in the year of our Lord two thousand

*Thomas H. Driscoll Jr.*
*Clerk*

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each
   defendant, each should be addressed to the particular defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on _____ _____, 20 ____ , I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (see Mass. R. Civ. P. 4 (d) (1-5):

_____

_____

_____

Dated: _____ , 20 ____ .    _____

N.B.    TO PROCESS SERVER:-
        PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN
        THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

        _____
        |                              |
        |                   , 20    .  |
        |                              |
        _____

COMMONWEALTH OF MASSACHUSETTS

ESSEX. ss.

SUPERIOR COURT
CIVIL ACTION
No. 050453

Daniel C. MacRitchie

Plaintiff(s)

v.

Scott Recinos, et al

Defendant(s)

SUMMONS
(Mass. R. Civ. P. 4)



Sheriff Stephen O. Simpson

# LOUDOUN COUNTY SHERIFF'S OFFICE
39 Catoctin Circle SE, Leesburg, Virginia 20175
Telephone 703-777-0407

**AFFIDAVIT OF SERVICE**

COMMONWEALTH OF VIRGINIA
COUNTY OF LOUDOUN, to-wit:

### Re: **DANIEL C. MACRITCHIE vs VEOLIA WATER NORTH AMERICA ENGINEERING & CONSTRUCTION, INC.**

Before me, the undersigned authority, personally appeared **C. MULLINS**, a

person competent to make oath, and who by me being duly sworn, deposes and says:

That this **SUMMONS** came into hand on the 21st day of April, 2005 at 9:53 A.M.,

and executed by delivering to **SCOTT RECINOS,** in PERSON, at 43901 Felicity Place

Ashburn, Virginia, Loudoun County, Virginia, on the 29th day of April, 2005 at 9:39 A.M.,

a true copy of the above mentioned process.

STEPHEN O. SIMPSON, SHERIFF

_C.H. Mullins #8904_

Deputy Sheriff

Sworn to before me this **29th** day of April, 2005.

Notary Public

My Commission Expires:

LCSO
4.4
3/96

4-27-05
10:30 AM

(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved*: - TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

2005 JUN -8 A 11:35

ESSEX, ss.

U.S. DISTRICT COURT
DISTRICT OF MASS

**D**

SUPERIOR COURT
CIVIL ACTION
No.
050473

Daniel C. MacRitchie ................................................................., Plaintiff(s)

v.

Veolia Water North America Operating ........................, Defendant(s)
Services, Inc., et al

## SUMMONS

To the above named Defendant: Veolia Water North America Operating Services, Inc.

You are hereby summoned and required to serve upon _____ Jonathan M. Feigenbaum, Esq. ,

Phillips & Angley
plaintiff's attorney, whose address is One Bowdoin Square, Boston, MA 02114 , an answer to the

complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the

day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the

complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at

34 Federal St., Salem, MA 01970 , either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may
have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's
claim or you will thereafter be barred from making such claim in any other action.

### Barbara J. Rouse

WITNESS, SUZANNE V. DE... , Esquire, at Salem, the
day of                                     , in the year of our Lord two thousand

*Thomas H. Driscoll Jr.*

*Clerk*

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on _____*MAY    2*_____, 20*05*, I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (see Mass. R. Civ. P. 4 (d) (1-5):

*VEOLIA WATER NORTH AMERICA OPERATING SERVICES, INC.*

*BY PERSONAL DELIVERY TO MICHAEL STARK PRESIDENT AT*

*14950 HEATHROW FOREST PARKWAY, SUITE 200, HOUSTON, HARRIS COUNTY, TEXAS 77032*

*AT 9:30 A.M.*

Dated:    *MAY  2*  , 20*05*.                        *A/ANA Wells*

N.B.    TO PROCESS SERVER:-
PLEASE PLACE <u>DATE</u> YOU MAKE SERVICE ON DEFENDANT IN
THIS BOX <u>ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT</u>.

*5 - 2 , 20 05.*

COMMONWEALTH OF
MASSACHUSETTS

ESSEX. ss.

SUPERIOR COURT
CIVIL ACTION
No. 050453

Daniel C. MacRitchie

Plaintiff(s)

v.

Veolia Water North America
Operating Services, Inc. et al

Defendant(s)

SUMMONS
(Mass. R. Civ. P. 4)

# AFFIDAVIT OF SERVICE

**State of Massachusetts**                    **County of Essex**                    **Superior Court**

Case Number: 050453

Plaintiff:
**DANIEL C. MacRITCHIE**

vs.

Defendant:
**VEOLIA WATER NORTH AMERICA OPERATING SERVICES, INC., et al**

For:
Stephanie M. Swinford
PHILLIPS & ANGLEY
One Bowdoin Square
Boston, MA 02114

Received by AMERICAN CIVIL PROCESS SERVICES, INC. on the 27th day of April, 2005 at 10:30 am to be served on **VEOLIA WATER NORTH AMERICA OPERATING SERVICES, INC. @ 14950 Heathrow Forest Parkway, Suite 200, Houston, Harris County, Texas 77032**.

I, Alana Willis, being duly sworn, depose and say that on the **2nd day of May, 2005** at **9:30 am, I:**

DELIVERED to the within named **CORPORATION** a true copy of the **SUMMONS; COMPLAINT WITH JURY DEMAND with Copies of Cover Letter to the Court; Civil Action Cover Sheet and Tracking Order (attached)** with the date of service endorsed thereon by me by personal delivery to MICHAEL STARK as PRESIDENT of the within named corporation, VEOLIA WATER NORTH AMERICA OPERATING SERVICES, INC. in compliance with state statutes at 14950 Heathrow Forest Parkway, Suite 200, Houston, Harris County, Texas 77032 .

I am an authorized private process server, in matters pending in the Harris County District Courts Civil and Family Division by general order of the Administrative Judge of the Harris County District Courts. I am over the age of 18, not a party to nor interested in the outcome of this lawsuit. I am of sound mind and have never been convicted of a felony or misdemeanor involving moral turpitude. Last date of re-approval for authorization was 3/4/05.

**Alana Willis**
I.D. #2001617 Approved 6/12/02

On this day personally appeared affiant, known to me personally to be the person whose name is subscribed to the foregoing return and, being by me duly sworn, declare under oath that the statements therein are true and correct. Subscribed and Sworn to before me on the 2nd day of May, 2005.

NOTARY PUBLIC

CAROL SANFORD
Notary Public, State of Texas
My Commission Expires
NOVEMBER 3, 2006

**AMERICAN CIVIL PROCESS SERVICES, INC.**
**P.O. Box 96577**
**Houston, TX  77213-6577**
**(713) 453-6288**

Our Job Serial Number: 2005001430

Copyright © 1992-2001 Database Services, Inc. - Process Server's Toolbox V5.5f

4.27-05
10.30 AM

(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:* - TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER.)

THIS OFFICE.

# COMMONWEALTH OF MASSACHUSETTS

2005 JUN -3 A H: 95

ESSEX, ss.

DISTRICT COURT
DISTRICT OF MASS

SUPERIOR COURT
CIVIL ACTION
No.
05-0453

.........**Daniel C. MacRitchie**............................................................, Plaintiff(s)

*v.*

.........**Michael Stark, et al**............................................................, Defendant(s)

## SUMMONS

To the above named Defendant:    Michael Stark

You are hereby summoned and required to serve upon _____ ~~Jonathan M. Feigenbaum, Esq.~~

Phillips & Angley
plaintiff's attorney, whose address is ~~One Bowdoin Square, Boston, MA 02114~~, an answer to the

complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the

day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the

complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at

**34 Federal St., Salem,** MA 01970 ~~either before~~ service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may
have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's
claim or you will thereafter be barred from making such claim in any other action.

### Barbara J. Rouse

WITNESS, ~~████████████~~, Esquire, at Salem, the
day of                                    , in the year of our Lord two thousand

*Thomas H. Driscoll Jr.*
Clerk

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each
   defendant, each should be addressed to the particular defendant.

## **PROOF OF SERVICE OF PROCESS**

I hereby certify and return that on _____*MAY   2*_____, 20*05*, I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (see Mass. R. Civ. P. 4 (d) (1-5):

*MICHAEL STARK, BY PERSONAL DELIVERY AT 14950 HEATHROW*

*FOREST PARKWAY, SUITE 200, HOUSTON, HARRIS COUNTY, TEXAS 77032,*

*AT 9:30 A.M.*

Dated:  *MAY 2 ,2005*. _____

N.B.   TO PROCESS SERVER:-
        PLEASE PLACE <u>DATE</u> YOU MAKE SERVICE ON DEFENDANT IN
        THIS BOX <u>ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.</u>

*5 - 2 ,20 05*

COMMONWEALTH OF
MASSACHUSETTS

SUPERIOR COURT
CIVIL ACTION
No. **050453**

ESSEX, ss.

<u>Daniel C. MacRitchie</u>
Plaintiff(s)

v.

<u>Michael Stark, et al</u>
Defendant(s)

**SUMMONS**
(Mass. R. Civ. P. 4)

# AFFIDAVIT OF SERVICE

**State of Massachusetts**                **County of Essex**                **Superior Court**

Case Number: 050453

Plaintiff:
**DANIEL C. MacRITCHIE**

vs.

Defendant:
**VEOLIA WATER NORTH AMERICA OPERATING SERVICES, INC., et al**

For:
Stephanie M. Swinford
PHILLIPS & ANGLEY
One Bowdoin Square
Boston, MA  02114

Received by AMERICAN CIVIL PROCESS SERVICES, INC. on the 27th day of April, 2005 at 10:30 am to be served on **MICHAEL STARK @ 14950 Heathrow Forest Parkway, Suite 200, Houston, Harris County, Texas 77032**.

I, Alana Willis, being duly sworn, depose and say that on the **2nd day of May, 2005** at **9:30 am, I:**

**Personally delivered** a true copy of the **SUMMONS; COMPLAINT WITH JURY DEMAND with Copies of Cover Letter to the Court; Civil Action Cover Sheet and Tracking Order (attached) to** MICHAEL STARK with the date endorsed thereon by me, pursuant to state statutes at 14950 Heathrow Forest Parkway, Suite 200, Houston, Harris County, Texas 77032 .

I am an authorized private process server, in matters pending in the Harris County District Courts Civil and Family Division by general order of the Administrative Judge of the Harris County District Courts.  I am over the age of 18, not a party to nor interested in the outcome of this lawsuit. I am of sound mind and have never been convicted of a felony or misdemeanor involving moral turpitude.  Last date of re-approval for authorization was 3/4/05.

**Alana Willis**
I.D. #2001617 Approved 6/12/02

On this day personally appeared affiant, known to me personally to be the person whose name is subscribed to the foregoing return and, being by me duly sworn, declare under oath that the statements therein are true and correct. Subscribed and Sworn to before me on the 2nd day of May, 2005.

NOTARY PUBLIC

**AMERICAN CIVIL PROCESS SERVICES, INC.**
**P.O. Box 96577**
**Houston, TX  77213-6577**
**(713) 453-6288**

Our Job Serial Number: 2005001431

CAROL SANFORD
Notary Public, State of Texas
My Commission Expires
NOVEMBER 3, 2006

Copyright © 1992-2001 Database Services, Inc. - Process Server's Toolbox V5.5f

(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:* - TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT
CIVIL ACTION
No.    C50173

·······················Daniel C. MacRitchie································································, Plaintiff(s)

v.

············John Lucey, et al································································, Defendant(s)

## SUMMONS

To the above named Defendant:    **John Lucey**

You are hereby summoned and required to serve upon _____ **Jonathan M. Feigenbaum, Esq.** _____,

plaintiff's attorney, whose address is **Phillips & Angley**
**One Bowdoin Square, Boston, MA 02114**, an answer to the

complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the

day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the

complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at

**34 Federal St., Salem**, **MA 01970** either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may
have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's
claim or you will thereafter be barred from making such claim in any other action.

**Barbara J. Rouse**

WITNESS, ~~SUZANNE V. DELVECCHIO~~ Esquire, at Salem, the
day of _____ , in the year of our Lord two thousand

*Thomas H. Driscoll Jr.*
*Clerk*

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ___May    1____, 200 5, I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (see Mass. R. Civ. P. 4 (d) (1-5):

_I personally handed the above mentioned_
_paperwork to John Thomas Lucey at his_
_residence located at 212 Saint Leonards Lane Cranberry PA_

Dated: May   1  , 200 5.         Constable Ronald L Turner

N.B.    TO PROCESS SERVER:-
        PLEASE PLACE <u>DATE</u> YOU MAKE SERVICE ON DEFENDANT IN
        THIS BOX <u>ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.</u>

        May   1   , 20 0 5.

COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
CIVIL ACTION
No. 050453

ESSEX. ss.

Daniel C. MacRitchie
Plaintiff(s)

v.

John Lucey, et al
Defendant(s)

SUMMONS
(Mass. R. Civ. P. 4)

# AFFIDAVIT OF SERVICE

**COMMONWEALTH OF PENNSYLVANIA** )
                                        )    **SS:**
**COUNTY OF ALLEGHENY** )

**I HEREBY CERTIFY THAT BEFORE ME, the undersigned authority, a Notary Public in and for the commonwealth of Pennsylvania, County of Allegheny aforesaid, personally appeared Constable Donald Turner, who, being duly sworn according to law, deposes and says that he is a Constable of said County and that on the** ___1ʳᵗ___ **day of** _May_ **2005, at** _10:00_ _A_ **.M. he personally served a true and correct copies of Summons, Cover letter to the Court, Complaint, and Civil Action Cover Sheet upon** ___John Thomas Lucey___
_____**by handing said paperwork to** _John Thomas Lucey_ **regarding Civil Action No. 050453, Essex Superior Court.**

_Donald L Turner_
**Constable**

**Sworn to and subscribed before me this** _2ⁿᵈ_ **day of** _May_ ,
**2005.**

_Alice M Langer_
**Notary Public**

**My Commission Expires:** _7-22-08_

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Alice M. Langer, Notary Public
Sewickley Boro, Allegheny County
My Commission Expires July 22, 2008
Member, Pennsylvania Association Of Notaries

(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:* - TORT - MOTOR VEHICLE TORT -
CONTRACT - EQUITABLE RELIEF - OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

2005 JUN -8  A II: 35

SUPERIOR COURT
CIVIL ACTION
No.

.................... Daniel C. MacRitchie .................................................., Plaintiff(s)

*v.*

.................... Brian J. Clarke, et al ............................................., Defendant(s)

## SUMMONS

To the above named Defendant:     Brian J. Clarke

You are hereby summoned and required to serve upon _____ Jonathan M. Feigenbaum, Esq. _____,

Phillips & Angley
plaintiff's attorney, whose address is One Bowdoin Square, Boston, MA 02114 , an answer to the

complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the

day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the

complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at

MA 01970
34 Federal St., Salem either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may
have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's
claim or you will thereafter be barred from making such claim in any other action.

## Barbara J. Rouse

WITNESS, S████████████████, Esquire, at Salem, the
day of                                , in the year of our Lord two thousand

*Thomas H. Driscoll Jr.*
*Clerk*

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each
   defendant, each should be addressed to the particular defendant.

**State of Massachusetts**

**General No.: 050453**

**County of**

## AFFIDAVIT OF SERVICE

KIRSTEN ANDERSON deposes and says that he/she is a licensed or registered employee of a Private Detective Agency, licensed by the Illinois Department of Professional Regulation and therefore authorized, pursuant to the provisions of Chapter 735, Code of Civil Procedure Section 5/2-202, Illinois Compiled Statutes, to serve process in the above cause, and that the defendant was served in the following manner:

On 5/20/2005 at 10:05:00 AM by leaving a true and correct copy of the attached SUMMONS and COMPLAINT on Clarke, Brian J. as shown below:

Substitute service was made by leaving a true and correct copy of the SUMMONS and COMPLAINT , at the usual place of abode of Clarke, Brian J. with a person residing therein, to wit Clarke, Paul, son, a person of the age of 13 years or upwards, who was informed of the contents thereof.

Said service was effected at 7907 Tripp Avenue, Skokie, IL   60076

Furthermore, I caused to be mailed, first class postage fully prepaid, a copy of the SUMMONS and COMPLAINT in a sealed envelope addressed to Clarke, Brian J., 7907 Tripp Avenue, Skokie, IL 60076

Description of Person Served: Sex: M   Height: 500   Weight: 100   Race: W   Age: 30

Additional or Other Information:

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to such matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

Dated

KIRSTEN MARIE ANDERSON
117-000192

(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:* - TORT - MOTOR VEHICLE TORT -
CONTRACT - EQUITABLE RELIEF - OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.



SUPERIOR COURT
CIVIL ACTION
No.    05-1173

.....Daniel C. MacRitchie..................................................................................., Plaintiff(s)

*v.*

.....US Filter Corporation, et al.................................................................................., Defendant(s)

## SUMMONS

To the above named Defendant: US Filter Corporation

You are hereby summoned and required to serve upon ........ Jonathan M. Feigenbaum, Esq. ,
Phillips & Angley
plaintiff's attorney, whose address is One Bowdoin Square, Boston, MA 02114 , an answer to the

complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the

day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the

complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at

34 Federal St., Salem, MA 01970
either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may
have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's
claim or you will thereafter be barred from making such claim in any other action.

## Barbara J. Rouse

WITNESS, SUZANNE V. DELVECCHIO, Esquire, at Salem, the
day of                                        , in the year of our Lord two thousand

*Thomas H. Driscoll Jr.*
*Clerk*

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each
   defendant, each should be addressed to the particular defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on May 3, 2005, I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendants, in the following matter (see Mass. R. Civ. P.4(d)(1-5):

**See attached Declaration of Proof of Service of Process**

Dated: May 26, 2005

Mathis Harris, Jr.
Registration Number: 4209
Los Angeles County, California

3

## DECLARATION OF SERVICE OF PROCESS

On April 27, 2005, I received a request from Attorney Gary C. Nawa, to conducted a service of process on the following business entity and individual defendants in connection with *Daniel C. MacRitchie vs. Veolia Water North America Engineering & Construction, Inc., et al, Essex Superior Court, Civil Action, Case Number: 050453*

1. U.S. Filter Corporation
   40-004 Cook Street
   Palm Desert, California 92211

2. Andrew D. Seidel
   President of U.S. Filter Corporation
   40-004 Cook Street
   Palm Desert, California 92211

3. Matthew S. Thompson
   Treasurer of U.S. Filter Corporation
   40-004 Cook Street
   Palm Desert, California 92211

I first attempted to serve the above listed business and individual defendants at the above-listed address provided by Phillips and Angley.

After arriving at the address, I found that U.S. Filter Corporation, Andrew D. Siedel and Mathew S. Thompson had all move.

I also noticed that another company had moved into 40-004 Cook Street, Palm Desert, California 92211. A member of their staff informed me that the former officers and corporation had gone in different direction. I then went to the local post office to check where the corporation and its officers may have moved.

I then called one of my staff members in Los Angeles to check the status of the corporation with Secretary of State of California and I was informed that U.S. Filter Corporation had surrendered the California Corporation. However, I was informed that the former agent for service of process is in downtown Los Angeles known as C.T. Service

I then visited C.T. Service and I found its agent, Mr. Maged M,. Sidhom at 158 Citrus Ranch Road, San Dimas, CA 91773-3170.

I finally served Mr. Maged M. Sidhom who was authorized to accepted the service of process on behalf of U.S. Filter Corp. on May 3, 2005, at 6:15 p.m. with the following documents:

4

1.    Three original Summons and three copies;
2.    Copy of Cover Letter to the Court;
3.    Copy of Complaint;
4.    Copy of Civil Action Cover Sheet, and
5.    Copy of Tracking Order.

If you wish to discuss this matter further, feel free to contact me. Thank you for the opportunity of working with you.

I hereby declare that under penalty of perjury under the laws of the State of California and the laws of the United States that the foregoing is true and correct.

Sincerely,

Mathis Harris, Jr.
Registration Number: 4209
Los Angeles County, California

MH/hs

5