UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

DANIEL C. MACRITCHIE,

                Plaintiff,

vs.

VEOLIA WATER NORTH AMERICA
ENGINEERING & CONSTRUCTION, INC.
N/K/A N.A. WATER SYSTEMS, LLC;
VEOLIA WATER NORTH AMERICA
OPERATING SERVICES, INC.; US
FILTER CORPORATION; ANDREW D.
SEIDEL; MATTHEW S. THOMPSON;
JAMES BROWN; MICHAEL RODI;
SCOTT RECINOS; JOHN LUCEY;
MICHAEL STARK; and BRIAN J.
CLARKE,

                Defendants.

Civil Action No. 05-11064-WGY

---

## ANSWER TO COMPLAINT

Defendants N.A. Water Systems, LLC (hereinafter "NAWS"),[1] Veolia Water North America Operating Service, LLC (hereinafter "VWNAOS"),[2] James Brown, Michael Rodi, Scott Recinos, John Lucey, Brian J. Clarke and Michael Stark, for their answer respond to Plaintiff's Complaint as follows:

    1.    Deny knowledge or information sufficient to form a belief as to the truth of the matter asserted in Paragraph 1.

---

[1] Improperly named in the Complaint as Veolia Water North America Engineering & Construction, Inc. n/k/a N.A. Water Systems, LLC.
[2] Improperly named in the Complaint as Veolia Water North America Operating Service, Inc.

2. Deny the allegations in Paragraph 2, except state that Veolia Water North America Engineering & Construction, Inc. was a Pennsylvania corporation which ceased to exist on or about July 16, 2004, as a result of a merger with N.A. Water Systems, LLC ("NAWS").

3. Admit the allegations in the first sentence of Paragraph 3, and deny the allegations in the second sentence of Paragraph 3, except admit that Veolia Water North America Operating Service, LLC, successor in interest to Veolia Water North America Operating Services, Inc. ("VWNAOS") is a Delaware limited liability company, having a usual place of business at 14950 Heathrow Forest Parkway, Houston, Texas.  Defendants also admit VWNAOS is an indirect subsidiary of Veolia Environment.

4. Admit that Plaintiff has named U.S. Filter Corporation in his Complaint and deny the remaining allegations in Paragraph 4.[3]

5. Admit that Plaintiff has named Andrew D. Seidel as a Defendant in his Complaint.  Further responding, Defendants state that Mr. Seidel was formerly President of WASC.

6. Admit that Plaintiff has named Matthew S. Thompson as a Defendant in his Complaint.  Further responding, Defendants state that Mr. Thompson was formerly Treasurer of WASC.

7. Admit the allegations in Paragraph 7.

8. Admit the allegations in Paragraph 8, except deny that he is currently employed by WASC or NAWS.

9. Admit the allegations in Paragraph 9.

---

[3] The proper name of the company was United States Filter Corporation and it is now known as Water Applications & System Corporation ("WASC").

10.  Admit that Plaintiff has named John Lucey as a Defendant in his Complaint, and deny the remaining allegations in Paragraph 10.

11.  Admit that Plaintiff has named Michael Stark as a Defendant in his Complaint, and deny the remaining allegations in Paragraph 11.

12.  Admit that Plaintiff has named Brian J. Clarke as a Defendant in his Complaint, and deny the remaining allegations in Paragraph 12.

## STATEMENT OF FACTS

13.  Defendant NAWS admits the allegations in the first sentence of Paragraph 13, except denies that the offer of employment to Plaintiff was made by U.S. Filter Engineering, admits the allegations in the second sentence of Paragraph 13, and denies the allegations in the third sentence of Paragraph 13.  Defendants VWNAOS, Rodi, Brown, Lucey, Recinos, Clarke and Stark deny knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 13.

14.  Defendant NAWS denies the allegations in Paragraph 14.  Defendants VWNAOS, Rodi, Brown, Lucey, Recinos, Clarke and Stark deny knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 14.

15.  Defendant NAWS admits the allegations in Paragraph 15.  Defendants VWNAOS, Rodi, Brown, Lucey, Recinos, Clarke and Stark deny knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 15.

16.  Defendant NAWS admits the allegations in Paragraph 16.  Defendants VWNAOS, Rodi, Brown, Lucey, Recinos, Clarke and Stark deny knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 16.

17. Defendant NAWS admits the allegations in Paragraph 17, except denies the characterization of the contract as "troubled." Defendants VWNAOS, Rodi, Brown, Lucey, Recinos, Clarke and Stark deny knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 17.

18. Defendant NAWS admits the allegations in Paragraph 18 only as they pertain to the time period from August 1, 2002 through April, 2004, and otherwise denies the allegations in Paragraph 18. Defendants VWNAOS, Rodi, Brown, Lucey, Recinos, Clarke and Stark deny knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 18.

19. Defendant NAWS admits the allegations in Paragraph 19, except denies the characterization of the Naugatuck contract as "troubled." Defendants VWNAOS, Rodi, Brown, Lucey, Recinos, Clarke and Stark deny knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 19.

## THE COMMISSION'S CSO CONTRACT

20. Deny knowledge or information sufficient to form a belief as to the truth of the matter asserted in Paragraph 20. Further responding, Paragraph 20 contains background information for which no response is required.

21. Deny knowledge or information sufficient to form a belief as to the truth of the matter asserted in Paragraph 21. Further responding, Paragraph 21 contains background information for which no response is required.

22. Deny knowledge or information sufficient to form a belief as to the truth of the matter asserted in Paragraph 22. Further responding, Paragraph 22 contains background information for which no response is required.

23. Deny knowledge or information sufficient to form a belief as to the truth of the matter asserted in Paragraph 23. Further responding, Paragraph 23 contains background information for which no response is required.

24. Deny knowledge or information sufficient to form a belief as to the truth of the matter asserted in Paragraph 24. Further responding, Paragraph 24 contains background information for which no response is required.

25. Deny knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 25, except admit that VWNAOS bid for work from the Lynn Water & Sewer Commission (the "Commission").

26. Defendants NAWS, VWNAOS, Lucey, Clarke and Stark admit that VWNAOS entered into a sewer separation contract with the Commission and deny knowledge or information sufficient to form a belief as to the truth of matters asserted in the remainder of Paragraph 26, and further responding, state the remaining allegations in Paragraph 26 contain background information for which no response is required. Defendants Rodi, Brown and Recinos deny knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 26.

27. State that Paragraph 27 contains irrelevant background information for which no response is required. To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 27.

28. State that Paragraph 28 contains irrelevant background information for which no response is required. To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 28.

29. Deny knowledge or information sufficient to form a belief as to the truth of the matter asserted in Paragraph 29.

30. State that the Inspector General's report speaks for itself.

31. State that the Inspector General's report speaks for itself.

32. Defendants VWNAOS, NAWS and Lucey admit the allegations in Paragraph 32. Defendants Rodi, Brown, Recinos, Clarke and Stark deny knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 32.

33. Defendants VWNAOS and NAWS admit the allegations in Paragraph 33. Defendants Rodi, Brown, Lucey, Recinos, Clarke and Stark deny knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 33.

34. Defendants VWNAOS, NAWS and Lucey deny the allegations in Paragraph 34. Defendants Rodi, Brown, Recinos, Clarke and Stark deny knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 34.

35. State that Paragraph 35 contains irrelevant background information for which no response is required. To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 35.

36. State that Paragraph 36 contains irrelevant background information for which no response is required. To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 36.

37. Deny knowledge or information sufficient to form a belief as to the truth of the matter asserted in Paragraph 37, except VWNAOS and Stark deny that Stark signed an approval.

## **THE COMMISSION DEMANDS REMOVAL OF MR. MACRITCHIE**

38. Defendant NAWS denies the allegations in Paragraph 38. Defendants VWNAOS, Rodi, Brown, Lucey, Recinos, Clarke and Stark deny knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 38.

39. Defendants NAWS and Lucey deny the allegations in Paragraph 39. Defendants VWNAOS, Rodi, Brown, Recinos, Clarke, and Stark deny knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 39.

40. State that the allegations in Paragraph 40 are too vague to permit a response. To the extent a response is required, Defendants VWNAOS, NAWS, Lucey, Clarke and Stark deny the allegations in Paragraph 40, and Defendants Rodi, Brown and Recinos deny knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 40.

41. Defendant NAWS states that the allegations in Paragraph 41 are too vague to permit a response. To the extent a response is required, Defendants deny the allegations in Paragraph 41, and Defendants VWNAOS, Rodi, Brown, Lucey, Recinos, Clarke and Stark deny knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 41.

42. Defendant NAWS denies the allegations in Paragraph 42. Defendants VWNAOS, Rodi, Brown, Lucey, Recinos, Clarke and Stark deny knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 42.

## THE NAUGATUCK WASTE WATER CONTRACT

43. Defendants VWNAOS, NAWS and Lucey deny the allegations in Paragraph 43. Defendants Rodi, Brown, Recinos, Clarke and Stark deny knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 43.

44. Defendant NAWS denies the allegations in Paragraph 44. Defendants VWNAOS, Rodi, Brown, Lucey, Recinos, Clarke and Stark deny knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 44.

45. Deny knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 45.

46. Defendant NAWS denies knowledge or information sufficient to form a belief as to the truth of the matter asserted in Paragraph 46, except admits the allegations in the second sentence of Paragraph 46 and admits that Plaintiff spoke with a supervisor regarding architectural plans that he alleged did not meet the state of Connecticut's supplemental building codes and fire codes. Defendants VWNAOS, Rodi, Brown, Lucey, Recinos, Clarke and Stark deny knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 46.

## MR. MACRITCHIE'S OVERALL JOB PERFORMANCE

47. Defendant NAWS denies the allegations in Paragraph 47. Defendants VWNAOS, Rodi, Brown, Lucey, Recinos, Clarke and Stark deny knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 47.

48. State that the written performance review speaks for itself.

49. State that the document speaks for itself.

50. Defendants VWNAOS and NAWS deny the allegations in Paragraph 50. Defendants Rodi, Brown, Lucey, Recinos, Clarke and Stark deny knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 50.

**THE REQUEST FOR FMLA LEAVE, RETALIATION AND TERMINATION**

51. Deny knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 51.

52. Defendants NAWS, Rodi and Recinos deny the allegations in Paragraph 52. Defendants VWNAOS, Brown, Lucey, Clarke and Stark deny knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 52.

53. Defendants NAWS, Rodi and Recinos deny the allegations in Paragraph 53, except admit that Plaintiff was out of work commencing June 7, 2004. Defendants VWNAOS, Brown, Lucey, Clarke and Stark deny knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 53.

54. Defendants NAWS, Rodi and Recinos deny the allegations in Paragraph 54. Defendants VWNAOS, Brown, Lucey, Clarke and Stark deny knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 54.

55. Defendants NAWS, Rodi, Recinos and Stark deny the allegations in Paragraph 55, except admit that Plaintiff was terminated from his employment on June 18, 2004. Defendants VWNAOS, Brown, Clarke and Lucey deny knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 55.

## COUNT I – FMLA VIOLATIONS

### (Responses of NAWS, VWNAOS, John Lucey, Scott Recinos, and Michael Rodi)

56. Defendants incorporate by reference its responses to Paragraphs 1 through 55 above.

57. Paragraph 57 states conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 57.

58. Defendants NAWS and Rodi deny the allegations in Paragraph 58. Defendants VWNAOS, Lucey and Recinos deny knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 58.

59. Defendants NAWS and Rodi deny the allegations in Paragraph 59. Defendants VWNAOS, Lucey and Recinos deny knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 59.

60. Defendants NAWS and Rodi deny the allegations in Paragraph 60. Defendants VWNAOS, Lucey and Recinos deny knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 60.

61. Defendants NAWS and Rodi deny the allegations in Paragraph 61, except admit that Plaintiff had two weeks off from June 7, 2004 through June 18, 2004. Defendants VWNAOS, Lucey and Recinos deny knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 61.

62. Defendants NAWS and Rodi deny the allegations in Paragraph 62. Defendants VWNAOS, Lucey and Recinos deny knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 62.

63. Defendants NAWS and Rodi deny the allegations in Paragraph 63. Defendants VWNAOS, Lucey and Recinos deny knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 63.

64. Defendants NAWS and Rodi deny the allegations in Paragraph 64. Defendants VWNAOS, Lucey and Recinos deny knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 64.

65. Defendants NAWS, Rodi and Recinos deny the allegations in Paragraph 65. Defendants VWNAOS and Lucey deny knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 65.

## COUNT II – MASSACHUSETTS WAGE ACT CLAIMS
### (Responses of NAWS, VWNAOS, and James Brown)

66. Defendants incorporate by reference its responses to Paragraphs 1 through 65 above.

67. Deny knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 67.

68. Deny knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 68.

69. Admit the allegations in Paragraph 69.

70. Deny knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 70.

71. Paragraph 71 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 71.

72. Deny the allegations in Paragraph 72.

73. Paragraph 73 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 73.

## COUNT III – BREACH OF CONTRACT

### (Responses of NAWS, VWNAOS, Michael Stark, John Lucey, Scott Recinos and Michael Rodi)

74. Defendants incorporate by reference its responses to Paragraphs 1 through 73 above.

75. Deny the allegations in Paragraph 75.

76. Deny knowledge or information regarding the truth of the matter asserted in Paragraph 76.

77. Deny the allegations in Paragraph 77.

78. Admit the first sentence and deny the remaining allegations in Paragraph 78.

79. Deny the allegations in Paragraph 79.

80. Deny the allegations in Paragraph 80.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrines of waiver, laches, estoppel and/or unclean hands.

### THIRD AFFIRMATIVE DEFENSE

Defendants' actions were taken for legitimate business reasons and in compliance with legal requirements.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by applicable statutes of limitations.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to exhaust his administrative prerequisites.

## SIXTH AFFIRMATIVE DEFENSE

At all relevant times, Plaintiff was an employee at will.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for breach of contract against individual Defendants Michael Stark, John Lucey, Scott Recinos and Michael Rodi fail as a matter of law because no contract existed between these individuals and Plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE

Defendants James Brown and Michael Stark were not officers of Plaintiff's employer during any relevant time period that provides the basis for his claim for violation of the Massachusetts Wage Act.

WHEREFORE, Defendants pray that the Court:

a)   Dismiss the Complaint in its entirety;

b)   Enter judgment for Defendants on all counts;

c)   Reward the Defendants its costs;

d)   Grant such other relief as may be just and proper.

        Respectfully submitted,

        N. A. WATER SYSTEMS, LLC, VEOLIA WATER NORTH AMERICA OPERATING SERVICES, LLC, JAMES BROWN, MICHAEL RODI, SCOTT RECINOS, JOHN LUCEY, BRIAN J. CLARKE and MICHAEL STARK,

        By their attorneys,

        /s/ Stephen T. Paterniti
        Stephen T. Paterniti, BBO #564860
        Amanda S. Rosenfeld, BBO #654101
        Jackson Lewis LLP
        75 Park Plaza
        Boston, MA 02116
        (617) 367-0025

Date: May 27, 2005

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of May, 2005, a copy of the foregoing was served on Plaintiff, Jonathan M. Feigenbaum, Phillips & Angley, 1 Bowdoin Square, Boston, 02114 by postage pre-paid, first-class mail.

        /s/ Stephen T. Paterniti
        Jackson Lewis LLP