MAS-20041213
melnickp

Case 1:05-cv-11064-WGY   Document 5   Filed 06/27/2005   Page 1 of 3

**Commonwealth of Massachusetts**
**ESSEX SUPERIOR COURT**
**Case Summary**
**Civil Docket**

05/26/2005
11:32 AM

# ESCV2005-00453
## MacRitchie v Veolia Water North America Engineering & Construction Inc et al

| | | | | | | |
|---|---|---|---|---|---|---|
| **File Date** | 03/22/2005 | **Status** | Disposed: transfered to other court (dtrans) | | | |
| **Status Date** | 05/24/2005 | **Session** | D - Civil-CtRm 2 (Lawrence) | | | |
| **Origin** | 1 | **Case Type** | A01 - Services, labor, materials | | | |
| **Lead Case** | | **Track** | F | | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| **Service** | 06/20/2005 | **Answer** | 08/19/2005 | **Rule12/19/20** | 08/19/2005 |
| **Rule 15** | 08/19/2005 | **Discovery** | 01/16/2006 | **Rule 56** | 02/15/2006 |
| **Final PTC** | 03/17/2006 | **Disposition** | 05/16/2006 | **Jury Trial** | Yes |

### PARTIES

**Plaintiff**
Daniel C MacRitchie
Exeter, NH 03833
Active 03/22/2005

**Private Counsel 546686**
Jonathan M Feigenbaum
Phillips & Angley
1 Bowdoin Square
Boston, MA 02114
Phone: 617-367-8787
Fax: 617-227-8992
Active 03/22/2005 Notify

**Private Counsel 654135**
Stephanie M Swinford
Lovenberg & Associates
11 Beacon street, suite 625
Boston, MA 02108
Phone: 617-973-9948
Fax: 617-973-9949
Active 03/22/2005 Notify

**Defendant**
Veolia Water North America Engineering &
Construction Inc
250 Airside Drive
Service pending 03/22/2005

**Private Counsel 564860**
Stephen T Paterniti
Jackson Lewis LLP
75 Park Plaza
Boston, MA 02116
Phone: 617-367-0025
Fax: 617-367-2155
Active 05/24/2005 Notify

**Alias defendant name**
N A Water Systems LLC
Active 03/22/2005

A TRUE COPY, ATTEST

~~_signature_~~
DEPUTY ASS'T. CLERK

MAS-20041213                Case 1:05-cv-11064-WGY    Document 5    Filed 06/27/2005    Page 2 of 3    05/26/2005
melnickp                    Commonwealth of Massachusetts                                              11:32 AM
                            ESSEX SUPERIOR COURT
                            Case Summary
                            Civil Docket

## ESCV2005-00453
## MacRitchie v Veolia Water North America Engineering & Construction Inc et al

**Defendant**
Veolia Water North America Operating Services Inc
Service pending 03/22/2005

**Private Counsel 564860**
Stephen T Paterniti
Jackson Lewis LLP
75 Park Plaza
Boston, MA 02116
Phone: 617-367-0025
Fax: 617-367-2155
Active 05/24/2005 Notify

**Defendant**
US Filter Corporation
40-004 Cook Street
Palm Desert, CA 92211
Service pending 03/23/2005

**Defendant**
Andrew D  Seidel
Palm Desert, CA 92211
President US Filter Corporation
Service pending 03/23/2005

**Defendant**
Matthew S  Thompson
Palm Desert, CA 92211
Treasurer US Filter Corporation
Service pending 03/23/2005

**Defendant**
James  Brown
President N A Water Systems LLC
Service pending 03/23/2005

**Private Counsel 564860**
Stephen T Paterniti
Jackson Lewis LLP
75 Park Plaza
Boston, MA 02116
Phone: 617-367-0025
Fax: 617-367-2155
Active 05/24/2005 Notify

**Defendant**
Michael  Rodi
employee N A Water Systems LLC
Service pending 03/23/2005

*** See Attorney Information Above ***

A TRUE COPY, ATTEST
Paula A Molaich
DEPUTY ASST CLERK

MAS-20041213
melnickp

Case 1:05-cv-11064-WGY    Document 5    Filed 06/27/2005    Page 3 of 3
**Commonwealth of Massachusetts**
**ESSEX SUPERIOR COURT**
**Case Summary**
**Civil Docket**

05/26/2005
11:32 AM

# ESCV2005-00453
## MacRitchie v Veolia Water North America Engineering & Construction Inc et al

**Defendant**
Scott Recinos
Ashburn, VA 20147
Vice-President N A Water Systems LLC
Service pending 03/23/2005

*** See Attorney Information Above ***

**Defendant**
John Lucey
Service pending 03/22/2005

*** See Attorney Information Above ***

**Defendant**
Michael Stark
Service pending 03/22/2005

*** See Attorney Information Above ***

**Defendant**
Brian J Clarke
Service pending 03/22/2005

A TRUE COPY, ATTEST
DEPUTY ASS'T. CLERK

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 03/22/2005 | 1.0 | Complaint & civil action cover sheet filed |
| 03/22/2005 | | Origin 1, Type A01, Track F. |
| 04/28/2005 | 2.0 | Court received letter requesting a copy of the complaint w/a check in |
| | | the amount of $19.00 - said copy mailed on 05/04/2005 |
| 05/12/2005 | 3.0 | Assented to MOTION to extend time to respond to complaint |
| 05/13/2005 | | MOTION (P#3) ALLOWED, assented to. (Diane M. Kottmyer, Justice) |
| | | Notices mailed May 17, 2005 |
| 05/24/2005 | 4.0 | Notice of filing of Notice of Removal |
| 05/24/2005 | 5.0 | Certified copy of Notice of Removal to the United States District |
| | | Court filed by Veolia Water North America Engineering & Construction |
| | | Inc, Veolia Water North America Operating Services Inc, James Brown, |
| | | Michael Rodi, Scott Recinos, John Lucey, Michael Stark |
| 05/24/2005 | 6.0 | ORDER transferring case to United States District Court |
| 05/24/2005 | | Case REMOVED this date to US District Court of Massachusetts |

EVENTS

COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.

SUPERIOR COURT
CIVIL ACTION NO.       050453

DANIEL C. MACRITCHIE          )
    Plaintiff          )
                )
v.          )
                )
VEOLIA WATER NORTH AMERICA          )
ENGINEERING & CONSTRUCTION, INC.          )
N/K/A N.A. WATER SYSTEMS, LLC;          )
VEOLIA WATER NORTH AMERICA          )
OPERATING SERVICES, INC.;          )
US FILTER CORPORATION;          )
ANDREW D. SEIDEL;          )
MATTHEW S. THOMPSON;          )
JAMES BROWN;          )
MICHAEL RODI;          )
SCOTT RECINOS;          )
JOHN LUCEY;          )
MICHAEL STARK; and          )
BRIAN J. CLARKE,          )
    Defendants          )
_____          )

## COMPLAINT WITH JURY DEMAND

1.  Plaintiff is Daniel C. MacRitchie, an individual having a usual place of residence in

    Exeter, New Hampshire.

2.  Defendant is Veolia Water North America Engineering & Construction, Inc., a

    corporation having a usual place of business at 250 Airside Drive, Moon Township,

    Pennsylvania, and is the successor to US Filter Engineering & Construction, Inc., a

    Pennsylvania corporation, having a usual place of business at 250 Airside Drive, Moon

    Township, Pennsylvania ("US Filter Engineering" collectively hereinafter).

A TRUE COPY, ATTEST
Paula T. Walnick
DEPUTY ASS'T CLERK

3.    Defendant N.A. Water Systems, LLC, a Pennsylvania Limited Liability Corporation,

      having a usual place of business at 250 Airside Drive, Moon Township, Pennsylvania, is

      the surviving company of a merger between Veolia Water North America Engineering &

      Construction, Inc., and N.A.Water Systems, LLC which occurred on July 16, 2004. N.A.

      Water Systems, LLC, is a subsidiary of Veolia Water North America Operating Services,

      Inc. (F/K/A US Filter Operating Services, Inc.), a Delaware Corporation, having a usual

      place of business at 250 Airside Drive, Moon Township, Pennsylvania (hereinafter

      referred to as "VWNAOS"). VWNAOS is a subsidiary of a French multinational

      business known as Veolia Environnement formerly known as Vivendi Environnement,

      and sometimes referred to by its trade name or parent Vivendi ("US Filter Engineering"

      collectively hereinafter).

4.    Defendant is US Filter Corporation, a California corporation, having a usual place of

      business at 40-004 Cook Street, Palm Desert, California.

5.    Defendant is Andrew D. Seidel, president of US Filter Corporation, having a usual place

      of business at 40-004 Cook Street, Palm Desert, California.

6.    Defendant is Matthew S. Thompson, treasurer of US Filter Corporation, having a usual

      place of business at 40-004 Cook Street, Palm Desert, California.

7.    Defendant is James Brown, president N.A. Water Systems, LLC, having a usual place of

      business at 250 Airside Drive, Moon Township, Pennsylvania.

8.    Defendant is Michael Rodi, a human resources employee of N.A. Water Systems, LLC,

      and/or US Filter Corporation, having a usual business address of 250 Airside Drive,

      Moon Township, Pennsylvania.

9.    Defendant is Scott Recinos, Vice President of N.A. Water Systems, LLC, having a usual

                                           2

place of residence at 43901 Felicity Place, Ashburn, Virginia 20147.

10.   Defendant is John Lucey, an Officer of VWNAOS, having a usual business address at
      250 Airside Drive, Moon Township, Pennsylvania.

11.   Defendant is Michael Stark, President of VWNAOS, having a usual business address at
      250 Airside Drive, Moon Township, Pennsylvania.

12.   Defendant is Brian J. Clarke, Manager of N.A. Water Systems, having a usual business
      address at LLC, 250 Airside Drive, Moon Township, Pennsylvania.

## STATEMENT OF FACTS

13.   On or about July 25, 2002, US Filter Engineering, a subsidiary of US Filter Corporation,
      made a written offer of employment to Mr. MacRitchie for the position of Construction
      Manager at the Lynn Water and Sewer Commission located in Lynn, Essex County,
      Massachusetts. In that offer, US Filter Engineering offered a base salary at the rate of
      ninety thousand dollars ($90,000.00) per annum plus substantial fringe benefits,
      including but not limited to health insurance, dental insurance, life insurance, disability
      insurance, 401(k) plan participation, and other benefits. In addition, US Filter
      Engineering assigned a percentage of the Project Incentive Plan ("PIP") as additional
      cash compensation to Mr. MacRitchie.

14.   The PIP value assigned to Mr. MacRitchie was established as a component of each of the
      two (2) principle contracts on which Mr. MacRitchie worked and was considered earned
      compensation in the form of wages in connection with each contract.

15.   On or about August 1, 2002, Mr. MacRitchie accepted the offer of employment.

16.   On or about August 28, 2002, less than a month after commencing work at US Filter
      Engineering, Mr. MacRitchie was paid four thousand five hundred dollars ($4,500.00)

3

under the PIP compensation plan in connection with a contract with the City of Lynn.

17.     On or about August 1, 2002, US Filter Engineering assigned Mr. MacRitchie to be the
        project manager for a troubled contract with the Lynn Water & Sewer Commission
        ("Commission") in Lynn, Massachusetts.

18.     Mr. MacRitchie worked out of the US Filter Engineering office located at 330 Lynnway,
        Suite 107, Lynn, Massachusetts on a regular basis.

19.     In January 2003, US Filter Engineering promoted Mr. MacRitchie from his current
        project management position to his new position as the Northeast Region Operations
        Manager. In or about the same time, US Filter Engineering assigned Mr. MacRitchie to
        yet another troubled contract in addition to the Lynn contract. This contract was with the
        Borough of Naugatuck, Connecticut.

## THE COMMISSION'S CSO CONTRACT

20.     The City of Lynn's wastewater collection system was constructed between 1884 and
        1928. Prior to 1990, the collection system had many combined sewers that carried both
        sanitary flows and storm water into the same system. The combined sewer system lacked
        the capacity needed to handle the combined flows and would overflow during periods of
        heavy rain, discharging untreated wastewater into various bodies of water, including the
        Massachusetts Bay.

21.     In 1985, the City of Lynn and the Commission entered into a consent decree with the
        United States Environmental Protection Agency ("EPA") as a result of years of litigation
        under the Clean Water Act. The consent decree was amended in 1987 to address
        combined sewer overflows ("CSO").

22.     For a period of time, Wheelabrator EOS, Inc. operated the wastewater facility for the

4

Commission. In the late 1990s, WE Filter Corporation acquired Wheelabrator EOS, Inc.

23. During the mid 1990s, the City of Lynn retained a Boston engineering firm, Camp, Dresser & McGee ("CDM"), to design an improved wastewater treatment system to resolve the CSO problem.

24. In 1997, CDM conducted an efficiency study for the Commission to identify potential managerial or operational changes that would produce cost savings. In the 1997 efficiency study, CDM noted that the operation and maintenance contract required U.S. Filter Corporation to employ a minimum of 49 employees at the wastewater treatment plant. CDM recommended the award of a contract to design and build improvements to the wastewater treatment plant and to operate the plant for a 20-year term. CDM determined that a 20-year design-build-operate ("DBO") contract could produce cost savings if the contractor was allowed to reduce the number of employees. The CDM study recommended against the DBO contract approach for the design and construction of CSO abatement facilities; however, the Commission did not follow this recommendation.

25. In 1998, the Commission obtained special legislative authorization to exempt the DBO contracts from the Commonwealth's public construction bidding law. Partially due to this exemption, only US Filter Corporation and one other entity bid for work from the Commission.

26. On or about September 11, 2000, Pat McManus, the Mayor of the City of Lynn and the Commission Chairman, told fellow members of the Commission that the Commission would realize savings of $400 million by adopting US Filter Corporation's proposal. In an effort to sway fellow Commission members, Mr. McManus stated, "I am the Mayor of

5

the city, and I want to make this simple for you. Anybody who votes against this ought to be run out of town on a rake." Despite the recommendations of CDM, the Commission entered into a $48 million sewer separation contract with US Filter Corporation under terms that did not incorporate the design terms recommended by CDM.

27.    Shortly thereafter US Filter Corporation retained a lobbyist John "Jack" E. Murphy, currently of Issues Management Group, Inc., who had a working relationship with Mr. McManus and had formerly served on the Massachusetts legislature.

28.    On or before December 2002, US Filter Corporation began to secretly negotiate the terms of an employment/consulting relationship with Mr. McManus. Mr. McManus' employment/consulting relationship with US Filter Corporation commenced on or about January 2003.

29.    As a result of complaints regarding the bidding process, the cost overruns, and the ultimate costs to tax payers, the Inspector General for the Commonwealth of Massachusetts conducted an investigation of the relationship between the City of Lynn, the Commission, and US Filter Corporation relating to the CSO contract.

30.    In June 2001, the Inspector General for the Commonwealth of Massachusetts issued a report in excess of one hundred pages in which it concluded that the Commission had entered into a contract that had unreasonably shifted the burden of risk from US Filter Corporation to the Commission and to the tax payers of the City of Lynn. The report further concluded that the true cost of the contract was nearly two times the cost that it should have been and that the bidding process had not been competitive, which had resulted in an extremely expensive contract for the Commission and for the tax payers of

6

the City of Lynn.

31. The Massachusetts Inspector General also concluded that the purported $400 million savings was unsubstantiated and called it a "red herring."

32. In or about the early part of 2002, the Commission demanded that US Filter Corporation remove its original project manager, William Fahey, from the CSO project.

33. Mr. MacRitchie's offer of employment from US Filter Engineering was contingent upon the Commission determining that Mr. MacRitchie was a suitable replacement for William Fahey.

34. On or about August 12, 2002, the Commission accepted Mr. MacRitchie as US Filter Corporation's replacement project manager.

35. In order to improve its relationship with municipalities, US Filter Corporation hired a former Massachusetts representative, Christopher G. Hodgkins, as Vice President and as Mr. MacRitchie's supervisor.

36. In or about May 2003, US Filter Engineering paid the Greater Lynn Mental Health & Retardation Association, Inc. ("GLMHRA") $10,000.00 for a table at a purported charitable event for GLMHRA. At that time, City Council President James M. Cowdell and former City Council President and senior manager at Lynn Water and Sewer Commission Robert Tucker were employed by or affiliated with GLMHRA.

37. At that time, Robert Tucker was the President of GLMHRA. James Cowdell was an employee and still holds the position of Chief Administrative Officer of GLMHRA. Over the course of the next several weeks, Mr. MacRitchie learned that none of the local business people with whom he had contact were aware of GLMHRA's pending charitable event. Mr. MacRitchie questioned the appropriateness of the $10,000.00 payment which

had been approved by Mike Stark, the president of VWNAOS, which is an affiliate of US

Filter Corporation. Subsequently, GLMHRA returned the $10,000.00 payment and the

charitable event never took place.

## THE COMMISION DEMANDS REMOVAL OF MR. MACRITCHIE

38.    In October 2003, the Commission demanded that US Filter Corporation remove Mr.

MacRitchie as the project manager.

39.    On or about October 31, 2003, US Filter Engineering and US Filter Corporation wrote to

the Commission supporting Mr. MacRitchie and opposing the demands of the

Commission.

40.    Because of strained relations between the Commission and US Filter Corporation and US

Filter Engineering, both entities sought a way to sever their relationship with the

Commission in a manner that would be favorable to them.

41.    Certain senior employees at US Filter Engineering made a conscious decision to engage

in conduct and omissions that would lead to the termination of the CSO Contract. This

was sometimes referred to internally as "Plan A."

42.    On or about February 24, 2004, the Commission terminated its contract with US Filter

Corporation for various reasons, including but not limited to, US Filter Corporation's

election to allow a performance guarantee or bank letter of credit in the amount of $15

million dollars to expire in December 2001 without renewing it.

## THE NAUGATUCK WASTE WATER CONTRACT

43.    In or about 2002, US Filter Corporation and the City of Naugatuck, Connecticut entered

into a long-term wastewater treatment and management contract.

44.    This contract was troubled from the outset because of design defects in the upgrade plan.

8

45.    On or about November 2003, Mr. MacRitchie learned that Gerald Grubesky, US Filter

Corporation's professional engineer of record for the contract, had been stamping

drawings with his professional engineering stamp without first diligently reviewing the

drawings.  Mr. MacRitchie was informed by Mr. Grubesky that this was a typical practice

at US Filter Corporation.

46.    In or about the same time, Mr. MacRitchie also learned that Jim Ignatius, US Filter

Corporation's lead architect on the project had not reviewed the current State of

Connecticut supplemental building codes and fire codes prior to finalizing architectural

plans for the project.  US Filter Corporation had submitted these architectural plans to the

Borough of Naugatuck, which were subsequently used and relied upon in their approval

of payments to US Filter Corporation.  Mr. MacRitchie spoke with his supervisor

regarding the architectural plans that did not meet the State of Connecticut's

supplemental building codes and fire codes and regarding the need to spend hundreds of

thousands of dollars to comply with the codes.

## MR. MACRITCHIE'S OVERALL JOB PERFORMANCE

47.    Despite the hurdles facing Mr. MacRitchie, he excelled in the management of the Lynn

CSO Contract.  As a major milestone, he obtained a contract modification that

accelerated the schedule allowing completion of the contract three (3) years ahead of

time.

48.    In August 2003, Mr. MacRitchie's supervisor, David Ford, conducted a written

performance review and rated Mr. MacRitchie as a 4 on a scale of 1 – 5, stating that Mr.

MacRitchie met job requirements with high proficiency.  Mr. Ford also made other

laudatory comments regarding Mr. MacRitchie.

9

49.  In a document dated October 31, 2003, Mr. John Lucey, the Senior Vice President and Officer of US Filter, wrote, "Mr. MacRitchie is one of our finest project managers…"

50.  In or about December 2003, David Ford stated that Mr. MacRitchie's PIP allocation from the Lynn CSO contract should be paid to him.

### THE REQUEST FOR FMLA LEAVE, RETALIATION AND TERMINATION

51.  On September 26, 2003, Mr. MacRitchie's wife gave birth to the couple's daughter.

52.  On April 13, 2004, Mr. MacRitchie requested four (4) weeks off under the Family Medical Leave Act, 29 U.S.C. 2601 et seq., ("FMLA") to care for his infant daughter from June 7, 2004 through July 2, 2004.

53.  The request was denied.  Instead, US Filter Corporation permitted Mr. MacRitchie to take two (2) weeks off from work commencing June 7, 2004.

54.  While on FMLA leave beginning on June 7, 2004, Mr. MacRitchie was constantly contacted by his supervisor and fellow employees, requiring him to spend hours on the telephone and e-mail.

55.  On June 18, 2004, without warning or explanation, Mr. MacRitchie was terminated from his employment.

### COUNT I - FMLA VIOLATIONS

(Against Veolia Water North America Engineering & Construction, Inc., N.A. Water Systems, LLC, Veolia Water North American Operating Services, Inc., US Filter Corporation, John Lucey, Scott Recinos, Brian J. Clarke, and Michael Rodi)

56.  Plaintiff realleges paragraphs 1 - 55 above and incorporates the same by reference as if specifically set forth herein.

57.  As employers, Veolia Water North America Engineering & Construction, Inc., N.A.

10

Water Systems, LLC, Veolia Water North American Operating Services, Inc., and US

Filter Corporation were subject to the requirements of the FMLA; its employees, John

Lucey, Scott Recinos, Brian J. Clarke and Michael Rodi, were also subject to the same

requirements.

58.    Mr. MacRitchie timely provided written notice to his employer that he intended to take

FMLA leave.

59.    Veolia Water North America Engineering & Construction, Inc., N.A. Water Systems,

LLC, Veolia Water North American Operating Services, Inc., and US Filter Corporation

interfered with Mr. MacRitchie's right to take FMLA by demanding that Mr.

MacRitchie's daughter's pediatrician certify that the leave was medically necessary when

such a requirement is not permitted by statute or regulation.

60.    Veolia Water North America Engineering & Construction, Inc., N.A. Water Systems,

LLC, Veolia Water North American Operating Services, Inc., and US Filter Corporation

were required to grant FMLA leave to Mr. MacRitchie to care for his infant daughter

without the necessity of providing a statement from a pediatrician.

61.    As a result, instead of four (4) weeks, Mr. MacRitchie was granted two (2) weeks off of

what he believed to be family medical leave under the FMLA from June 7, 2004 through

June 18, 2004.

62.    Veolia Water North America Engineering & Construction, Inc., N.A. Water Systems,

LLC, Veolia Water North American Operating Services, Inc., and US Filter Corporation

unlawfully reclassified Mr. MacRitchie's leave as sick leave rather than FMLA leave.

63.    Veolia Water North America Engineering & Construction, Inc., N.A. Water Systems,

LLC, Veolia Water North American Operating Services, Inc., and US Filter Corporation

11

did not have a written policy in effect and did not effectuate the policy in a timely manner as required under the FMLA and the accompanying regulations, which allow for the reclassification of FMLA leave.

64. As a result of the aforementioned conduct, Veolia Water North America Engineering & Construction, Inc., N.A. Water Systems, LLC, Veolia Water North American Operating Services, Inc., and US Filter Corporation unlawfully interfered with the exercise of Mr. MacRitchie's right to take FMLA leave.

65. Veolia Water North America Engineering & Construction, Inc., N.A. Water Systems, LLC, Veolia Water North American Operating Services, Inc., US Filter Corporation, John Lucey, Scott Recinos, Brian J. Clarke and Michael Rodi unlawfully retaliated against Mr. MacRitchie for taking FMLA leave by terminating his employment on June 18, 2004.

## COUNT II - MASSACHUSETTS WAGE ACT CLAIMS

(Against Veolia Water North America Engineering & Construction, Inc., N.A. Water Systems, LLC, Veolia Water North American Operating Services, Inc., US Filter Corporation, Andrew D. Seidel, Matthew S. Thompson and James Brown)

66. Plaintiff realleges paragraphs 1 - 65 above and incorporates the same by reference as if specifically set forth herein.

67. On September 9, 2004, Mr. MacRitchie filed a non-payment of wage complaint form with the Office of the Attorney General for the Commonwealth of Massachusetts. A copy of the non-payment of wage complaint is attached herewith as EXHIBIT A.

68. On October 19, 2004, the Office of the Attorney General for the Commonwealth of Massachusetts granted Mr. MacRitchie the right to file a private right of action. A copy

12

of the authorization is attached herewith as EXHIBIT B.

69.    At the time of termination, Mr. MacRitchie's base pay was in the amount of ninety two
       thousand seven hundred dollars ($92,700.00) per annum.

70.    Throughout Mr. MacRitchie's employment, Mr. MacRitchie received pay checks and
       benefits from US Filter and he was provided benefits through various US Filter programs.

71.    At all times material hereto, Veolia Water North America Engineering & Construction,
       Inc., N.A. Water Systems, LLC, Veolia Water North American Operating Services, Inc.,
       and US Filter Corporation were employers pursuant to Massachusetts G. L. c. 149
       sections 148 & 150.

72.    As employers, Veolia Water North America Engineering & Construction, Inc., N.A.
       Water Systems, LLC, Veolia Water North American Operating Services, Inc., and US
       Filter Corporation were required to pay the plaintiff all earned wages in a timely manner
       as more particularly set forth in the attached EXHIBIT A.

73.    Andrew D. Seidel, Matthew S. Thompson, James Brown, and Michael Stark as officers
       of the respective employers are personally liable for failure to pay wages.

## COUNT III – BREACH OF CONTRACT

(Against Veolia Water North America Engineering & Construction, Inc., N.A. Water Systems,
LLC, Veolia Water North American Operating Services, Inc., US Filter Corporation, Michael
Stark, John Lucey, Scott Recinos and Michael Rodi)

74.    Plaintiff realleges paragraphs 1 – 73 above and incorporates the same by reference as if
       specifically set forth herein.

75.    On or about July 25, 2002, John Lucey, N.A. Water Systems' Executive Vice President,
       knowingly withheld material information from Mr. MacRitchie to induce him to accept

13

the position of project manager at the Lynn CSO project, including but not limited to: (a) that the Massachusetts Inspector General had conducted an investigation regarding the relationship between the City of Lynn, the Commission, and US Filter Corporation and had issued a very negative report relating to the CSO contract; (b) that the Inspector General had concluded that U.S. Filter Corporation's $47 million design-build price was nearly double the cost for similar construction work procured through competitive bidding, making the Lynn CSO Project a bad deal for the Commission; (c) that there were warring factions within the Commission, one group supporting US Filter Corporation and the other wanting to dismiss US Filter Corporation; (d) that the opposing members of the Commission, lead by Chairman David Ellis, now held a majority position on the Board of Commissioners; (e) that the opposing members were on a mission to discredit and harm US Filter Corporation; (f) that the opposing members had already engaged in the tactic of demanding the removal of a US Filter project manager for the purposes of interfering with US Filter's execution of the project; (g) that US Filter Corporation had engaged in deceptive conduct relating to performance guarantees under the contract, which were never provided.

76.    Had N.A. Water Systems' Executive Vice President, John Lucey, made the aforementioned material disclosures, Mr. MacRitchie would not have accepted the position as offered.

77.    On or about January 2003, Mr. Lucey assigned Mr. MacRitchie to take over the management of the troubled Naugatuck Connecticut project. As Mr. MacRitchie gained familiarity with the project, it became apparent that cost projections for the project would fall far short of the actual project costs. Despite numerous attempts by Mr. MacRitchie,

14

Mr. Lucey refused to allow Mr. MacRitchie to incorporate realistic financial projections into the project. Mr. Lucey's refusal resulted in regular cost overruns, which were reported to upper management on a monthly basis. These regular cost overruns created the appearance of mismanagement of the project to those outside of Mr. Lucey's control group thereby causing damage to Mr. MacRitchie's reputation.

78. On or about April 22, 2004, Mr. MacRitchie was assigned a new supervisor, Vice President Scott Recinos, who was based in Gaithersburg, Maryland. Although Mr. Recinos was Mr. MacRitchie's supervisor, he showed no interest in the troubled Naugatuck project and communication from Mr. Recinos to Mr. MacRitchie was virtually nonexistent until Mr. MacRitchie began his FMLA leave in early June 2004.

79. Veolia Water North America Engineering & Construction, Inc., N.A. Water Systems, LLC, Veolia Water North American Operating Services, Inc., US Filter Corporation, Scott Recinos and Michael Rodi made materially untrue statements to others regarding Mr. MacRitchie's management of the Naugatuck project. Such statements, include but are not limited to, stating that problems with the Naugatuck project had arisen because of Mr. MacRitchie's poor management. In actuality, these defendants knew that the project had design flaws and that the engineer and architect, each who had been charged with approving drawings, were negligent in signing and stamping documents that they did not properly review and that did not comply with the State of Connecticut building codes and/or fire codes.

80. The aforementioned defendants made material omissions of fact in order to induce Mr. MacRitchie to accept employment with US Filter Engineering and then made false statements in order to terminate Mr. MacRitchie's employment for the purpose of

15

depriving him of earned compensation.

## **PRAYERS FOR RELIEF**

WHEREFORE, the Plaintiff, Daniel C. MacRitchie, demands judgment and relief as follows:

1. Under Count I, II and III, award of monetary relief for the damages caused by the Defendant, Veolia Water North America Engineering & Construction, Inc., including interest, costs, pre-judgment interest, post judgment interest, attorneys' fees as allowed by statute, liquidated damages (wages, benefits, attorneys' fees, interest) as allowed under the Family Medical Leave Act, and treble damages for violations of the Massachusetts Wage Act, G. L. c. 149 section 150.

2. Under Count I, II and III, award of monetary relief for the damages caused by the Defendant, N.A. Water Systems, LLC, including interest, costs, pre-judgment interest, post judgment interest, attorneys' fees as allowed by statute, liquidated damages (wages, benefits, attorneys' fees, interest) as allowed under the Family Medical Leave Act, and treble damages for violations of the Massachusetts Wage Act, G. L. c. 149 section 150.

3. Under Count I, II and III, award of monetary relief for the damages caused by the Defendant, Veolia Water North American Operating Services, Inc., including interest, costs, pre-judgment interest, post judgment interest, attorneys' fees as allowed by statute, liquidated damages (wages, benefits, attorneys' fees, interest) as allowed under the Family Medical Leave Act, and treble damages for violations of the Massachusetts Wage Act, G. L. c. 149 section 150.

4.  Under Count I, II and III, award of monetary relief for the damages caused by the Defendant, US Filter Corporation, including interest, costs, pre-judgment interest, post judgment interest, attorneys' fees as allowed by statute, liquidated damages (wages, benefits, attorneys' fees, interest) as allowed under the Family Medical Leave Act, and treble damages for violations of the Massachusetts Wage Act, G. L. c. 149 section 150.

5.  Under Count I and III, award of monetary relief for the damages caused by the Defendant, John Lucey, including interest, costs, pre-judgment interest, post judgment interest, attorneys' fees as allowed by statute, liquidated damages (wages, benefits, attorneys' fees, interest) as allowed under the Family Medical Leave Act, and treble damages for violations of the Massachusetts Wage Act, G. L. c. 149 section 150.

6.  Under Count I and III, award of monetary relief for the damages caused by the Defendant, Scott Recinos, including interest, costs, pre-judgment interest, post judgment interest, attorneys' fees as allowed by statute, liquidated damages (wages, benefits, attorneys' fees, interest) as allowed under the Family Medical Leave Act, and treble damages for violations of the Massachusetts Wage Act, G. L. c. 149 section 150.

7.  Under Count I, award of monetary relief for the damages caused by the Defendant, Brian J. Clarke, including interest, costs, pre-judgment interest, post judgment interest, attorneys' fees as allowed by statute, liquidated damages (wages, benefits, attorneys' fees, interest) as allowed under the Family Medical Leave Act.

17

8. Under Count I and III, award of monetary relief for the damages caused by the Defendant, Michael Rodi, including interest, costs, pre-judgment interest, post judgment interest, attorneys' fees as allowed by statute, liquidated damages (wages, benefits, attorneys' fees, interest) as allowed under the Family Medical Leave Act, and treble damages for violations of the Massachusetts Wage Act, G. L. c. 149 section 150.

9. Under Count II, award of monetary relief for the damages caused by the Defendant, Andrew D. Seidel, including interest, costs, pre-judgment interest, post judgment interest, attorneys' fees as allowed by statute, and treble damages for violations of the Massachusetts Wage Act, G. L. c. 149 section 150.

10. Under Count II, award of monetary relief for the damages caused by the Defendant, Matthew S. Thompson, including interest, costs, pre-judgment interest, post judgment interest, attorneys' fees as allowed by statute, and treble damages for violations of the Massachusetts Wage Act, G. L. c. 149 section 150.

11. Under Count II, award of monetary relief for the damages caused by the Defendant, James Brown, including interest, costs, pre-judgment interest, post judgment interest, attorneys' fees as allowed by statute, and treble damages for violations of the Massachusetts Wage Act, G. L. c. 149 section 150.

12. Under Count III, award of monetary relief for the damages caused by the Defendant, Michael Stark, including interest, costs and reasonable attorneys fees.

13. All other relief that this Court deems meet and proper.

18

**PLAINTIFF CLAIMS TRIAL BY JURY ON ALL ISSUES TRIABLE BY JURY.**

The Plaintiff,
DANIEL C. MACRITCHIE
By his attorneys

Date: March 21, 2005

Jonathan M. Feigenbaum, Esq.
B.B.O. #546686
Stephanie M. Swinford, Esq.
B.B.O. #654135
Philips & Angley
One Bowdoin Square
Boston, MA 02114
Tel. No. : (617) 367-8787

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) 050113 | Trial Court of Massachusetts Superior Court Department County: Essex |
|---|---|---|

| PLAINTIFF(S) Daniel C. MacRitchie | DEFENDANT(S) Veolia Water North America Engineering & Construction, Inc., et al. |
|---|---|
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE 617-367-8787 Jonathan M. Feigenbaum, Esq. Phillips & Angley One Bowdoin Square, Boston, MA 02114 Board of Bar Overseers number: 546686 | ATTORNEY (if known) |

**Origin code and track designation**

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

CODE NO.      TYPE OF ACTION (specify)      TRACK      IS THIS A JURY CASE?

A01      Services, labor and Materials      ( F )      ( X ) Yes      (  ) No

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**

(Attach additional sheets as necessary)

A. Documented medical expenses to date:
   1. Total hospital expenses ............................................................$............
   2. Total Doctor expenses ..............................................................$............
   3. Total chiropractic expenses ........................................................$............
   4. Total physical therapy expenses ....................................................$............
   5. Total other expenses (describe) ....................................................$............
                                                                   Subtotal $............
B. Documented lost wages and compensation to date ........................................$............
C. Documented property damages to date ...................................................$............
D. Reasonably anticipated future medical and hospital expenses .............................$............
E. Reasonably anticipated lost wages .....................................................$............
F. Other documented items of damages (describe)
                                                                   $............
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

A TRUE COPY, ATTEST

*Paula T. Belnick*

DEPUTY ASS'T. CLERK

                                                                   $............
                                                          TOTAL $............

**CONTRACT CLAIMS**

(Attach additional sheets as necessary)

Provide a detailed description of claim(s): Plaintiff seeks to recover wages from Defendants for violations of Family Medical Leave Act and Massachusetts Wage Act.

                                                     TOTAL $25,000.00 +

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record *Jonathan M. Feigenbaum*      DATE: 3/21/05

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

$\mathcal{Y}$

## COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.                                                                 SUPERIOR  COURT

DANIEL C. MACRITCHIE,

Plaintiff,

vs.

VEOLIA WATER NORTH AMERICA
ENGINEERING & CONSTRUCTION, INC.
N/K/A N.A. WATER SYSTEMS, LLC;
VEOLIA WATER NORTH AMERICA
OPERATING SERVICES, INC.; US                       Civil Action No. 05-00453-D
FILTER CORPORATION; ANDREW D.
SEIDEL; MATTHEW S. THOMPSON;
JAMES BROWN; MICHAEL RODI;
SCOTT RECINOS; JOHN LUCEY;
MICHAEL STARK; and BRIAN J.
CLARKE,

Defendants.

## NOTICE OF FILING OF NOTICE OF REMOVAL

To:    Civil Clerk's Office
       Essex Superior Court
       34 Federal Street
       Salem, MA  01970

       PLEASE TAKE NOTICE that a Notice of Removal in the above action from the Superior

Court, Essex County, has been duly filed in the U.S. District Court for the District of

Massachusetts. Attached hereto as Exhibit A is a certified copy of that Notice of Removal.

**FILED**
IN THE SUPERIOR COURT
FOR THE COUNTY OF ESSEX

MAY 2 4 2005

Thomas A. Driscoll Jr.
CLERK

A TRUE COPY, ATTEST
Paulet Melinh
DEPUTY ASST. CLERK

5

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

DANIEL C. MACRITCHIE,

        Plaintiff,

   vs.

VEOLIA WATER NORTH AMERICA
ENGINEERING & CONSTRUCTION, INC.
N/K/A N.A. WATER SYSTEMS, LLC;
VEOLIA WATER NORTH AMERICA
OPERATING SERVICES, INC.; US
FILTER CORPORATION; ANDREW D.
SEIDEL; MATTHEW S. THOMPSON;
JAMES BROWN; MICHAEL RODI;
SCOTT RECINOS; JOHN LUCEY;
MICHAEL STARK; and BRIAN J.
CLARKE,

        Defendants.

**COPY**

**05 - 1 1 0 6 4 WGY**

Civil Action No. 05-00453-D

I hereby certify on 5/24/05 that the foregoing document is a full and correct copy of the
☐ electronic docket in the captioned case
☐ electronically filed original filed on _____
☒ original filed in my office on ___5/24/05___
Sarah A. Thornton
Clerk, U.S. District Court
District of Massachusetts
By: _____
Deputy Clerk

### NOTICE OF REMOVAL

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF MASSACHUSETTS:

PLEASE TAKE NOTICE that Defendants, N.A. Water Systems, LLC,[1] Veolia Water

North America Operating Service LLC,[2] James Brown, Michael Rodi, Scott Recinos, John

Lucey and Michael Stark, hereby serve notice of removal of the above-entitled action to this

Court and make the following showing in support of such removal:

**FILED**
IN THE SUPERIOR COURT
FOR THE COUNTY OF ESSEX

MAY 2 4 2005

Thomas A. Driscoll
CLERK

A TRUE COPY, ATTEST
_Paul T. Welstad_
DEPUTY ASST. CLERK

---

[1] Incorrectly identified by Plaintiff in his Complaint as Veolia North America Engineering & Construction, Inc.,
n/k/a N.A. Water Systems, LLC.
[2] Incorrectly identified by Plaintiff in his Complaint as Veolia Water North American Operating Services, Inc.



## Commonwealth of Massachusetts
### County of Essex
### The Superior Court

CIVIL DOCKET# **ESCV2005-00453**

MacRitchie

vs.

Veolia Water North America Engineering & Construction Inc et al

---

### **ORDER OF TRANSFER (remand)**

Pursuant to Massachusetts General Laws Chapter 231, Section 102C, as amended, and in accordance with Superior Court Rule 29, the above referenced case is

ORDER transferring case to United States District Court

Dated at Lawrence, Massachusetts this 26th day of May, 2005.

Thomas H. Driscoll Jr.,
Clerk of the Courts

BY: _____
Deputy Assistant Clerk

Telephone: (978) 687-7463

A TRUE COPY, ATTEST
DEPUTY ASS'T. CLERK

## COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.                                                    SUPERIOR  COURT

DANIEL C. MACRITCHIE,

                          Plaintiff,

          vs.

VEOLIA WATER NORTH AMERICA
ENGINEERING & CONSTRUCTION, INC.
N/K/A N.A. WATER SYSTEMS, LLC;
VEOLIA WATER NORTH AMERICA
OPERATING SERVICES, INC.; US                    Civil Action No. 05-00453-D
FILTER CORPORATION; ANDREW D.
SEIDEL; MATTHEW S. THOMPSON;
JAMES BROWN; MICHAEL RODI;
SCOTT RECINOS; JOHN LUCEY;
MICHAEL STARK; and BRIAN J.
CLARKE,

                          Defendants.

## ASSENTED-TO MOTION TO EXTEND TIME
## TO RESPOND TO COMPLAINT

Defendants North America Water Systems, LLC[1], Veolia Water North America

Operating Services, Inc., James Brown, Michael Rodi, Scott Recinos, John Lucey and Michael

Stark ("Defendants") respectfully request, with the assent of Plaintiff, that they be granted a

fourteen-day extension of time in which to respond to Plaintiff's complaint, up to and including

May 25, 2005. As grounds for this motion, Defendants state that the additional time is necessary

to prepare an appropriate response. Counsel for the Plaintiff has assented to the Court's granting

of this request.

---

[1] North America Water Systems, Inc. is incorrectly identified by Plaintiff in his Complaint as Veolia North America
Engineering & Construction, Inc., n/k/a N.A. Water Systems, LLC.



A TRUE COPY, ATTEST
DEPUTY ASS'T. CLERK

WHEREFORE, Defendants respectfully request that they be granted an extension of time

up to and including May 25, 2005 to serve their response to Plaintiff's Complaint.

Respectfully submitted,

NORTH AMERICA WATER SYSTEMS, LLC,
VEOLIA WATER NORTH AMERICA
OPERATING SERVICES, INC., JAMES
BROWN, MICHAEL RODI, SCOTT RECINOS,
JOHN LUCEY and MICHAEL STARK,

By their attorneys,

Stephen T. Paterniti, BBO #564860
Amanda S. Rosenfeld, BBO #654101
Jackson Lewis LLP
75 Park Plaza
Boston, MA 02116
(617) 367-0025

ASSENTED TO:

DANIEL C. MACRITCHIE,

By:

Jonathan M. Feigenbaum, BBO #546686
Phillips & Angley
One Bowdoin Square
Boston, MA 02114
(617) 367-8787

May 11, 2005

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of May, 2005, a copy of the foregoing was served
upon Plaintiff's counsel, Jonathan M. Feigenbaum, Phillips & Angley, 1 Bowdoin Square,
Boston, 02114 by postage pre-paid, first-class mail.

Jackson Lewis LLP



# McDermott
# Will&Emery

Boston Brussels Chicago Düsseldorf London Los Angeles Miami Milan
Munich New York Orange County Rome San Diego Silicon Valley Washington, D.C.

April 25, 2005

Clerk
Lawrence Superior Court
43 Appleton Way
Lawrence, MA 01841

Re:  Daniel Macritchie v. Veolia Water North America Engineering & Construction Inc., et al.

Dear Sir or Madam :

Enclosed please find a check in the amount of $19 to cover the cost of a copy of the recent Complaint filed in the above-referenced action. The docket No. is ESCV2005-00453. Also enclosed is a postage paid, self-addressed envelope for your convenience.

Thank you.

Sincerely,

Suzanne R. Kidder

/srk
Enclosures

**FILED**
IN THE SUPERIOR COURT
FOR THE COUNTY OF ESSEX

APR 2 8 2005

Thomas H. Driscoll Jr.
CLERK

A TRUE COPY, ATTEST
DEPUTY ASS'T. CLERK

U.S. practice conducted through McDermott Will & Emery LLP.

28 State Street Boston Massachusetts 02109-1775 Telephone: 617.535.4000 Facsimile: 617.535.3800 www.mwe.com