UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DANIEL C. MACRITCHIE | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) CIVIL ACTION NO.  05-11064WGY |
| | ) |
| VEOLIA WATER NORTH AMERICA | ) |
| ENGINEERING & CONSTRUCTION, INC. | ) |
| N/K/A N.A. WATER SYSTEMS, LLC; | ) |
| VEOLIA WATER NORTH AMERICA | ) |
| OPERATING SERVICES, INC.; | ) |
| US FILTER CORPORATION; | ) |
| ANDREW D. SEIDEL; | ) |
| MATTHEW S. THOMPSON; | ) |
| JAMES BROWN; | ) |
| MICHAEL RODI; | ) |
| SCOTT RECINOS; | ) |
| JOHN LUCEY; | ) |
| MICHAEL STARK; and | ) |
| BRIAN J. CLARKE, | ) |
| | ) |
|     Defendants. | ) |

**AFFIDAVIT OF DANIEL C. MACRITCHIE IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST DEFENDANTS, N.A. WATER SYSTEMS, LLC, MICHAEL RODI, AND SCOTT RECINOS, AS TO COUNT I FOR INTERFERENCE WITH PLAINTIFF'S RIGHTS UNDER THE FAMILY MEDICAL LEAVE ACT, 29 U.S.C. § 2601**

I, Daniel C. MacRitchie, on oath depose and say as follows:

1.    My name is Daniel C. MacRitchie.

2.    I am a resident of Exeter, New Hampshire.

3.    I am older than eighteen years of age.

4. I make this affidavit on personal knowledge and information known to me, and make this affidavit in support of my motion for partial summary judgment as to count I of my complaint.

5. I was hired as a full-time construction manager for US Filter Engineering and Construction at the end of July 2002.

6. US Filter Engineering and Construction ultimately became N.A. Water Systems, LLC (hereinafter collectively referred to as "NA Water"). NA Water was part of a corporate structure that was often referred to as Veolia or US Filter. As an example, the employee manual that has been filed with the motion for summary judgment refers to it as a US Filter document.

7. From the date I was hired until my termination in June 2004, NA Water employed well over fifty (50) employees on a daily basis.

8. While employed with NA Water, my wife gave birth to our third child, Eily Rose MacRitchie, on September 26, 2003.

9. I was out of the office on Friday, September 26, 2003 to be with my wife and our new baby and I returned to work on Monday, September 29, 2003.

10. I did not request any time off to care for my newborn daughter until April 13, 2004 when I requested four weeks off from June 7, 2004 to July 2, 2004 under the Family Medical Leave Act.

11. In addition, in the twelve months prior to my requesting four weeks off to care for my new baby, I had not made any requests for time off under the Family Medical Leave for any purpose.

12. At NA Water's insistence, I took two (2) weeks of leave in June 2004 instead of four (4).

13. I was on leave under the FMLA to care for my newborn daughter from June 7, 2004 though June 18, 2004.

14.     While on FMLA leave, my supervisor, Scott Recinos, required me to work.

15.     I was required to give NAWS and my team my contact information as to how I could be reached while away, to respond to emails regarding project problems, and to prepare for and participate in conference calls and meetings.

16.     As a result of the demands being made upon me, I had to work from home several days, and I also had to go into the office on two or three occasions during my FMLA leave.

17.     On the last day of my FMLA leave, I was terminated from NA Water.

18.     Attached to Stephanie Swinford's declaration as Exhibit "D" is a true and accurate copy of my Offer and Acceptance Letter with US Filter Engineering and Construction dated July 25, 2005.

19.     Attached to Stephanie Swinford's declaration as Exhibit "F" is a true and accurate copy of the April 13, 2004 Email Chain regarding Mr. MacRitchie's notice to N.A. Water Systems, LLC requesting time off under the Family Medical Leave Act.

20.     Attached to Stephanie Swinford's declaration as  Exhibit "G " is a true and accurate copy of the April 21, 2004 Email Chain regarding my notice of leave sent to my supervisor.

21.     Attached to Stephanie Swinford's declaration as Exhibit "J" is a true and accurate copy of N.A. Water Systems, LLC Family Medical Leave and Sick Leave Policy.

22.     Attached to Stephanie Swinford's declaration as Exhibit "M" is a true and accurate copy of the Email dated June 9, 2004 from Scott Recinos to me requesting my phone number while on FMLA Leave.

23.     Attached to Stephanie Swinford's declaration as Exhibit "N" is a true and accurate copy of Six Emails from June 9, 2004 through June 17, 2004 demonstrating that I was required to work while on FMLA leave.

Pursuant to 28 U.S.C., section 1746, I, verify under the penalty of perjury under the Laws of the United States that the foregoing is true and correct.

Executed this 7th day of March 2005.

_____
Daniel C. MacRitchie

### CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing. (NEF), and paper copies will be sent to those indicated as non-registered participants on this 7th day of March, 2006.

 /s/ Jonathan M. Feigenbaum, Esq.
Jonathan M. Feigenbaum, Esq.

L:\LITG\Dmac002\Sum.Judg\Aff.Dan.III.doc

Pursuant to 28 U.S.C., section 1746, I, verify under the penalty of perjury under the Laws of the United States that the foregoing is true and correct.

Executed this 7th day of March 2005.

_/s/ Daniel C. MacRitchie_
Daniel C. MacRitchie

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing. (NEF), and paper copies will be sent to those indicated as non-registered participants on this 7th day of March, 2006.

/s/ Jonathan M. Feigenbaum, Esq.
Jonathan M. Feigenbaum, Esq.

L:\LITG\Dmac002\Sum.Judg\Aff.Dan.III.doc